IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

YVONNE MACIAS,
        Plaintiff,

vs.                                       <u>JURY TRIAL DEMAND</u>

SOUTHWEST CHEESE COMPANY, L.L.C.,
        Defendant                 Case No. 2:12-CV-00350-LAM-WPL

**FIRST AMENDED CIVIL COMPLAINT**

COMES NOW, Plaintiff Yvonne Macias, by and through her undersigned attorney Eric D. Dixon, Attorney and Counselor at Law, P.A., Portales, New Mexico and for her First Amended Complaint pursuant to Fed. R. Civ. Proc. 15 (a) (1)(B) states:

A. <u>PARTIES</u>

1. Plaintiff Yvonne Macias is a resident of Clovis, New Mexico.

2. Defendant Southwest Cheese Company, L.L.C., is a New Mexico Limited Liability Company doing business within the State of New Mexico, whose business address is 1141 Curry County, Road #4, Clovis, New Mexico, 88101. At all times relevant hereto, Defendant engaged in an industry affecting commerce and employed more than twenty (20) regular employees.

## B. <u>JURISDICTION</u>

3. Plaintiff signed her original administrative Complaint with the New Mexico Department of Workforce Solutions, Human Rights Bureau on or about June 30th, 2011. Thereafter, an Amended Complaint was filed on July 11th, 2011 alleging discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 1981 and the New Mexico Human Rights Act alleging gender discrimination and retaliation. Thereafter, an "Order of Non-Determination was filed on February 21st, 2012 at the request of Plaintiff. Plaintiff has exhausted all administrative remedies as required by law before filing her "Notice of Appeal Pursuant to § 28-1-13 NMSA 1978 From "Order of Non-Determination" issued on February 21st, 2012 by the New Mexico Human Rights Bureau." On April 5th, 2012 Southwest Cheese LLC removed the matter to the United States District Court for New Mexico and filed a Motion to Dismiss. This Amended Complaint is timely pursuant to Fed. R. Civ. Proc. 15 (a) (1) (B).

4. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended (42U.S.C. §2000e *et seq.*). The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights

guaranteed by federal law, which rights provide for injunctive and other relief for illegal discrimination in employment.

5. This action is brought pursuant to 42 U.S.C. 1981 and the New Mexico Human Rights Act.

### C. Venue

6. Venue is proper in the United States District Court for New Mexico under 42U.S.C. §2000e-5(f)(3) because the employment records relevant to the alleged unlawful employment practice are maintained and administered in this district.

### D. Conditions Precedent

7. All conditions precedent have been performed or have occurred. The "Order of Non-Determination is attached as Exhibit 2 to the original "Notice of Appeal" filed herein and is incorporated herein by reference as if set forth in full.

### E. Common Facts

8. Plaintiff began working at Southwest Cheese Company, L.L.C., in February, 2009 as a temporary worker.

9. Plaintiff became a full time non-probationary employee in September, 2010.

10. At the time of Plaintiff's termination in February, 2011, she was being paid thirteen dollars an hour for a forty hour plus week. She received a 401 K plan, health and other retirement benefits.

11. In approximately, June 2009, Cody Stewart an assistant team leader pulled down his pants and exposed his genitals to Plaintiffs while on the job. This supervisor was moved but was not punished in any way by Defendant and Plaintiff was afraid of Cody Stewart throughout her employment.

12. Plaintiff's team supervisor (Jose Brojas) continuously radioed Plaintiff and asked her to come to his office on a frequent and continuous basis for no reason whatsoever. He stared at Plaintiff on a frequent basis. He would get uncomfortably close to Plaintiff on a frequent and continuous basis during Plaintiff's employment. Jose Brojas made Plaintiff's job miserable because she did not accept his repeated and continuous sexual advances. Plaintiff requested to be moved from day shift so as to avoid Mr. Brojas, but Defendant never acted on her request. Plaintiff did not complain further because one other worker who did complain was fired, and Plaintiff did not believe complaining would do any good. In

addition, Plaintiff has two small children and needed her job to pay bills and support her family.

13. Plaintiff was fired in February, 2011 in retaliation for not accepting her supervisor's sexual advances. Defendant claimed that Plaintiff did not mix cultures into a mix. Other employees who had made the same mistake were not fired. Plaintiff was not given a break and was tired at the time and was not supposed to be getting the culture. Plaintiff attempted to inform Human Resources but was told me that they were not going to go into details.

F. <u>DISCRIMINATION IN EMPLOYMENT IN VIOLATION OF §28-1-7 NMSA 1978</u>

14. The allegations contained above and below are incorporated herein by reference as if set forth in full.

15. Defendant through its agents or supervisors engaged in a pattern and practice of unlawful sexual discrimination by subjecting Plaintiff to unwelcome sexual harassment in violation of §28-1-7 NMSA and the New Mexico Human Rights Act.

16. The above-described unwelcome sexual harassment created an intimidating, oppressive, hostile and offensive work environment which interfered with Plaintiff's emotional well-being.

17. Defendant illegally retaliated against Plaintiff by terminating her because she rejected her supervisor's unwanted sexual advances.

18. Defendant at all times relevant hereto had actual and constructive knowledge of the conduct of its supervisors.

19. As a result of the hostile and offensive work environment perpetrated by Defendant, and failure to protect Plaintiff from further harassment, Plaintiff suffered severe emotional distress.

20. As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against her, Plaintiff has suffered and will continue to suffer pain and suffering, mental anguish and emotional distress and she has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

21. As a further direct and proximate result of Defendants' violation of the New Mexico Human Rights Act, as heretofore described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendants, and has thereby incurred, and will continue to incur, legal

fees and costs. Plaintiff requests that attorney's fees and costs be awarded pursuant to the New Mexico Human Rights Act.

WHEREFORE, Plaintiff asks for judgment for general and compensatory damages, including prejudgment and post-judgment interest; that Plaintiff be awarded reasonable attorneys fees and costs of suit; and for such other and further relief as the Court deems just and proper.

### G.  Sexual Harassment Under Title VII

22. The allegations contained above and below are incorporated herein by reference.

23. Plaintiff is a female employee protected under Title VII (See 42U.S.C. §2000e(f)).

24. Defendant is an employer within the meaning of Title VII. Jose Brojas employed by defendant as a team supervisor with the authority to hire and fire employees.(See 42U.S.C.§2000e(b)).

25. Defendant intentionally discriminated against plaintiff in violation of Title VII by subjecting plaintiff to quid pro quo sexual harassment. Specifically, Defendant discriminated against plaintiff by firing her for failing to accept her supervisor's sexual advances.

26. Defendant intentionally discriminated against plaintiff in violation of Title VII by creating a sexually hostile work environment. Jose Brojas' conduct unreasonably interfered with plaintiff's work performance. Specifically, he continuously radioed plaintiff and asked her to come to his office for no reason. He stared at plaintiff. He would get uncomfortably close to plaintiff on a frequent and repeated basis. He then made plaintiffs job miserable because she did not accept his sexual advances. Plaintiff asked to be changed from the day shift so as to avoid this person. However, nobody ever acted on her request. She did not complain further because one other worker who did complain was terminated.

27. Defendant's intentional discrimination resulted in an adverse employment action against plaintiff in that she was fired in February, 2011.

28. Plaintiff has suffered damages including lost wages, and benefits, including loss of Social Security benefits. Reinstatement of plaintiff in her previous position is impractical and unworkable. Therefore, plaintiff seeks an award of future lost wages and benefits to compensate her.

Plaintiff is entitled to prejudgment interest on lost wages and benefits and post judgment interest on all sums, including attorney's fees. WHEREFORE, Plaintiff asks for judgment against Defendant for damages, including back pay, front pay, pre-judgment interest, fringe benefits and any other appropriate relief necessary to make Plaintiff whole and compensate her for the civil rights violations described above; award Plaintiff the costs of this action; including attorneys' fees, and such other legal and equitable relief as this Court deems just and proper.

### H. Breach of contract

29. Plaintiff re-alleges and incorporates herein by reference the allegations contained above and below as if set forth in full herein.

30. Plaintiff was employed by Defendant under an oral contract of employment which was modified and re-enforced by certain policies, practices, assurances and other express and implied statements of Defendant. In said contract, it was implicitly agreed that Plaintiff would not be impeded in her job duties, and that she would be terminated only for good cause. Plaintiff entered into said contact, *inter alia,* to secure peace of mind and financial stability, and refrained from seeking employment elsewhere in reliance thereon.

31. At all times material hereto, Plaintiff performed her obligations under her contract with Defendant. Defendant breached its express and implied contractual obligations to Plaintiff by terminating her employment without good cause.

32. As a direct and proximate result of Defendant's breach of the implied contract, Plaintiff has suffered loss of wages, and benefits and other damages.

WHEREFORE, Plaintiff asks for judgment against Defendant for general and compensatory damages, including prejudgment interest; that Plaintiff be awarded punitive damages in an amount according to proof at trial; that Plaintiff be awarded such other and further relief as the Court deems just and proper.

I. <u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

33. Plaintiff re-alleges and incorporates herein by reference the allegations contained above and below as if set forth in full herein.

34. In failing to protect Plaintiff from the continuing sexual harassment and other offensive conduct of Defendant's supervisors described herein, and further firing Plaintiff in relation for not accepting the improper sexual advances of her supervisor, the Defendant abused its special

position which vested it with substantial power to control her work environment and to damage her interests and well being.

35. Through the outrageous conduct described above, Defendant and each of them, acted with the intent to cause, or with reckless disregard for the probability of causing Plaintiff to suffer severe emotional distress.

36. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

37. Defendant's conduct as described herein was malicious and oppressive and done with a conscious disregard of Plaintiff's rights. The acts of Defendant and Defendant's supervisor were performed with the knowledge of an employer's economic power over its employees. Defendant through its officers, managing agents, and supervisors, authorized, condoned and ratified the unlawful conduct of the Defendant supervisor in this action. Consequently, Plaintiff is entitled to punitive damages from Defendant.

WHEREFORE, Plaintiff asks for judgment against Defendant for general and compensatory damages, including pre-judgment and post judgment interest, in an amount according to proof at trial; that the Plaintiff be awarded punitive damages in an amount according to proof at trial; and that Plaintiff be awarded such other and further relief as the Court deems just and proper.

### J. Negligent supervision

38. The allegations contained above and below are incorporated herein by reference as if set forth in full herein.

39. Defendant knew or reasonably should have known that Jose Brojas and others were engaging in the unlawful behavior described herein above.

40. At all times material herein, Defendant knew or reasonably should have known, that the incidents, conduct, acts, and failures to act described herein above, would and did proximately result in emotional distress to Plaintiff, including but not limit to anxiety, tension, and humiliation.

41. At all times material herein Defendant knew or in the exercise of reasonable care should have known, that unless Defendant's supervisors intervened to protect Plaintiff, and to adequately supervise, prohibit,

control, regulate, discipline, and/or otherwise penalize the conduct, acts and failures to act, of all other supervisors, agents and employees as alleged herein above, said conduct, acts and failures to act would continue, thereby subjecting Plaintiff to personal injury and emotional distress.

42. Defendant knew or in the exercise of reasonable care should have known, that unless Defendant, intervened to protect Plaintiff, and to adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct, acts, and failures to act of Jose Brojas and others as described herein, Defendant's failure to so protect, supervise, and intervene would have the effect of encouraging, ratifying condoning, exacerbating, increasing and worsening said conduct, acts and failure to act.

43. At all times material herein, Defendant had the power, ability, authority and duty to so intervene, supervise, prohibit, control, regulate, discipline, and/or penalize the conduct of all other supervisors, agents and employees as described herein above.

44. Despite said knowledge, power, and duty, Defendant negligently failed to act so as to prevent, supervise, prohibit, control, regulate, discipline

and/or penalize such conduct, acts and failures to act, or to otherwise protect Plaintiff.

45. As a direct and proximate result of the failure of Defendant to protect Plaintiff, and to adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct, acts, and failures to act of all the supervisors, agents or employees as alleged herein above, said conduct, acts, and failures to act were perceived by them as, and in fact had the effect of, ratifying, encouraging, condoning, exacerbating, increasing, and/or worsening said conduct, acts, and failures to act.

46. At all times material herein, the failure of Defendant, to protect Plaintiff, and to adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct, acts and failures to act of all other supervisors, agents or employees violated Plaintiff's rights under federal, and state statutes and codes.

47. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress; and she has suffered and will continue to suffer a loss of earnings and other employment benefits

and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

WHEREFORE, Plaintiff asks for judgment against Defendant for general and compensatory damages, including pre-judgment interest in an amount according to proof at trial; that Plaintiff be awarded punitive damages in an amount according to proof at trial; and that Plaintiff be awarded such other and further relief as the Court deems just and proper.

### K.  Violation of 42U.S.C. § 1981

48. The allegations contained above are incorporated herein by reference as if set forth in full herein.

49. This cause of action is brought pursuant to 42 U.S. C. § 1981.

50. Plaintiff is a Hispanic-female and is a protected racial minority under 42 U.S.C. § 1981.

51. Plaintiff had a contract with Defendant.

52. Defendant intentionally discriminated against Plaintiff on the basis of race in terminating her contract and in the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship with Defendant.

53. Plaintiff was at all times qualified to perform her position with Defendant and that despite her qualification was fired.

54. Plaintiff has suffered damages including emotional harm, distress, lost back pay and future pay for which she should receive compensation.

55. Plaintiff should be awarded punitive damages to punish the Defendant and to deter other similarly situated Defendants.

56. Plaintiff should be awarded attorneys fees as allowed by law.

WHEREFORE, Plaintiff requests the Court enter judgment against Defendant for general and compensatory damages pre-judgment and post-judgment interest; ; that Plaintiff be awarded punitive damages in an amount according to proof at trial; and that Plaintiff be awarded such other and further relief as the Court deems just and proper.

Respectfully Submitted:

/s/ Eric D. Dixon

_____
Eric D. Dixon
Attorney and Counselor at Law, P.A.
301 South Avenue A,
Portales, New Mexico, 88130
(575) 359-1233
Facsimile: (575) 356-4946
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of April, 2012, I filed the foregoing electronically through the CM/ECF system, which caused the following counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Jack N. Hardwick
jhardwick@sommerudall.com

_____
Eric D. Dixon