IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

YVONNE MACIAS,

        Plaintiff,

v.                                                                 CV 12-0350 LH/WPL

SOUTHWEST CHEESE COMPANY, L.L.C.,

        Defendant.

**ORDER**

On May 1, 2013, I denied Yvonne Macias's motion to compel additional responses to a Request for Production ("RFP") from Southwest Cheese Company, L.L.C. ("Southwest Cheese"). (Doc. 32.) Pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), I ordered Macias to show cause as to why I should not order her or her attorney to pay Southwest Cheese's reasonable expenses incurred in opposing the motion. (*Id.* at 5.) In response, Macias states that she attempted to resolve the discovery dispute in good faith and that Southwest Cheese's objections were improper. (Doc. 33 at 2-5.) She also argues that the financial disparity between herself and Southwest Cheese would make an award of fees unjust. (*Id.* at 5-6.)

STANDARD OF REVIEW

When a motion to compel is denied, a court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). However, "the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust."

*Id.* A motion is substantially justified when it is "justified to a degree that could satisfy a reasonable person." *See Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). Substantially justified means "more than merely undeserving of sanctions for frivolousness." *Pierce*, 487 U.S. at 565. Still, even an incorrect position "can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Id.* at 566 n.2.

## DISCUSSION

Macias's RFP sought full access to email accounts "for all management employees [at Southwest Cheese][1] during the time that Plaintiff was employed" at the company. (Doc. 28 Ex. 1 at 5.) Southwest Cheese objected that the request was overbroad, unduly burdensome, and not likely to lead to the discovery of admissible evidence. (*Id.*) It also objected "to the extent [that the RFP] seeks documents protected by the attorney-client and work product privileges," and "to the extent it seeks documents that are confidential in nature." (*Id.*)

In her motion, Macias refuted the first objection simply by arguing that Southwest Cheese had already admitted the relevance of her request by asking for "the same information" from her. (Doc. 28 at 4.) She also disputed the privilege objections, stating that Southwest Cheese failed to provide the requisite privilege log. (*Id.* at 4-5.) Because Southwest Cheese did not address the latter argument in its response, I deemed the privilege objections to be waived. (Doc. 32 at 2 n.1.) However, I ultimately denied Macias's motion, noting that the Tenth Circuit has plainly rejected "kitchen sink" requests identical to her own on the ground that they are likely to encompass substantial amounts of irrelevant and personal information. (*Id.* at 3-4 (citing *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649-50 (10th Cir. 2008)).)

---

[1] In her motion and reply, Macias later reduced this request to emails from either ten (*see* Doc. 28 at 3) or fourteen (*see* Doc. 30 at 8) management employees at Southwest Cheese.

Given the circumstances here, I conclude that Macias's motion was not substantially justified. As I observed in my Order on the motion, the Tenth Circuit has spoken clearly on the overbroad nature of requests for "all communications" or "all email" in similar circumstances without additional limitations. *See Regan-Touhy*, 526 F.3d at 649-50. Macias has cited no authority to the contrary, and I am aware of none within this circuit. Additionally, as I noted in the Order, Macias's "goose/gander" argument is irrelevant to the discoverable nature of the materials sought and is not supported by any Tenth Circuit precedent. (*See* Doc. 32 at 4.) Consequently, Macias's motion did not have any "reasonable basis in law and fact," and her motion was therefore not substantially justified. *See Pierce*, 487 U.S. at 566 n.2.

Macias's arguments to the contrary are unavailing. She first contends that her motion to compel was nonetheless substantially justified "because counsel sought voluntary resolution of the matter before filing the motion." (Doc. 33 at 2.) This is a prerequisite to any motion to compel, *see* FED. R. CIV. P. 37(a)(1), and compliance with procedural mandates has no bearing on whether Macias's legal position was substantially justified in this instance.

Macias also appears to claim that her motion was substantially justified because she was under the impression that Southwest Cheese had agreed to provide the requested material. (Doc. 33 at 2.) In support, she points to *Parks v. American Warrior, Inc.* for the proposition that "a stipulation binds the parties who make it." 44 F.3d 889, 894 (10th Cir. 1995). However, that case referred to a formal stipulation by the parties that was accepted by the court, *id.*, whereas Macias is referring to a purported informal agreement between the parties. Even if the parties agreed to an exchange of materials as described by Macias,[2] a party may only move to compel the disclosure of documents provided for by Rule 26(b)—that is, documents that are relevant to a

---

[2] While I do not decide the issue, I note that Southwest Cheese disputes that such an agreement existed. (*See* Doc. 33 Ex. 2 (email exchange between plaintiff's counsel and defense counsel).)

party's claims or defenses. *See* FED. R. CIV. P. 34(a), 37(a)(3)(B)(iv). Thus, the central question remains whether Macias was substantially justified in arguing that her RFP sought materials that were relevant and not overbroad.

Next, Macias points out that Southwest Cheese did not produce a privilege log despite objecting to disclosures that might implicate various privileges. (Doc. 33 at 3.) Because Macias's request was clearly overbroad for other reasons under this circuit's precedent, Southwest Cheese was not required to provide a list of encompassed materials any more than it would be required to provide the materials themselves. *See, e.g.*, *Robinson v. City of Arkansas City, Kan.*, No. 10-1431-JAR, 2012 WL 1674255, at *2 n.3 (D. Kan. May 14, 2012).

Finally, Macias observes that Southwest Cheese never asserted that she brought the motion in bad faith and that it never requested that fees be awarded. (Doc. 33 at 5.) Although an allegation of bad faith may be relevant to an inquiry into whether a motion was not substantially justified, it is not required; the fulcrum issue, again, is whether a reasonable person would be satisfied that the motion was justified. *See Pierce*, 487 U.S. at 565. Further, because Rule 37(a)(5)(B) mandates that a court require the movant to pay attorneys' fees in most circumstances where a motion to compel is denied, Southwest Cheese's failure to seek such fees itself is of no moment.

Rule 37(a)(5) allows for any award of expenses to be assessed against either the movant herself or the attorney filing the motion, or both. Macias's motion appears to be based on misapplications of the relevant law, and there is no indication that Macias herself was responsible for the overbroad discovery requests or aware of any wrongdoing. Accordingly, I will hold Macias's counsel solely responsible for paying the reasonable expenses contemplated by this Rule. *See Hoffman v. United Parcel Serv., Inc.*, 206 F.R.D. 506, 507 (D. Kan. 2002). I

therefore do not reach Macias's argument that the financial disparity between herself and Southwest Cheese would make an award of expenses unjust. (Doc. 33 at 5-6.)

## CONCLUSION

For the foregoing reasons, I conclude that Macias was not substantially justified in moving to compel additional RFP responses from Southwest Cheese and that an award of expenses under Rule 37(a)(5)(B) would not be unjust. Accordingly, I order Macias's attorney to pay Southwest Cheese's reasonable expenses incurred in opposing Macias's motion to compel, including attorneys' fees. Within ten days, Southwest Cheese's counsel must submit an affidavit setting forth these fees and expenses. Macias must respond to the reasonableness of the amounts requested within ten days of the filing of said affidavit.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.