IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

YVONNE MACIAS,

    Plaintiff,

v.                                                          CV 12-0350 LH/WPL

SOUTHWEST CHEESE COMPANY, L.L.C.,

    Defendant.

**ORDER ON EXPENSES INCURRED BY DEFENDANT
IN OPPOSING PLAINTIFF'S MOTION TO COMPEL**

On May 1, 2013, I denied Yvonne Macias's motion to compel additional discovery responses and ordered her to show cause as to why I should not require her to pay Southwest Cheese Company's reasonable expenses incurred in opposing the motion. (Doc. 32 at 5.) After considering Macias's response (Doc. 33), I concluded that Macias's motion was not substantially justified and that an award of expenses under Federal Rule of Civil Procedure 37(a)(5)(B) would not be unjust. (Doc. 35 at 5.) I therefore ordered Southwest Cheese to submit an affidavit setting forth the reasonable expenses incurred in opposing the motion, including attorneys' fees. (*Id.*)

Southwest Cheese responded to my latter Order with an affidavit from Ann Marie Arcadi, counsel for Southwest Cheese. (Doc. 37.) In that affidavit, Arcadi states that she worked 0.8 hours in opposing the motion to compel at a rate of $546 per hour, and that fellow attorney Caleb Wood worked 8.6 hours at a rate of $400 per hour. (*Id.* at 2.) Arcadi summarily states that the hourly rates are reasonable in light of the time and labor required, the questions involved, the skills called for, the likelihood that the work precluded other employment by the attorneys, the customary fee, the results obtained, the time limitations imposed, the nature and length of the

relationship between the attorneys and Southwest Cheese, and the experience, reputation, and ability of the lawyers involved. (*Id.*) Although she provides the total hours billed by each attorney, Arcadi does not itemize the expenses that she or Wood incurred. Defense counsel ultimately seeks $3,876.80 for a three-page response[1] to Macias's motion to compel. (*See id.*)

Macias responded shortly thereafter with several objections. (Doc. 38.) First, Macias notes the lack of detailed documentation regarding the hours spent opposing her motion, and she argues that the hours claimed are excessive considering the size and nature of Southwest Cheese's response. (*Id.* at 4, 6.) She also observes that Wood has never entered an appearance in this case; in fact, the response in question was signed and filed by Jaime Ramon, an attorney for whom fees are not being sought. (*Id.* at 1, 4.) Macias further argues that the hourly rates sought by Arcadi and Wood are not appropriate for the litigation in question. (*Id.* at 4-5.)

## DISCUSSION

When attorneys' fees are to be awarded, a court must determine the reasonableness of the award by calculating the "lodestar" amount. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar amount is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Id.* at 437. Although the reviewing court may adjust the lodestar given the particularities of a dispute, there is no precise rule or formula for doing so, and the court may exercise discretion in making this equitable judgment. *Id.* at 436-37.

The first step in calculating the lodestar amount is to determine the number of hours reasonably spent by Southwest Cheese's counsel in opposing Macias's motion. *See Ramos v.*

---

[1] Although the response technically reaches four pages, the final page consists solely of signatures and a certificate of service. (Doc. 29 at 4.)

2

*Lamm*, 713 F.2d at 546, 555 (10th Cir. 1983). The district court is responsible for determining "not just the actual hours expended by counsel, but which of those hours were reasonably expended in the litigation." *Id.* However, the district court may engage in this determination only if it has adequate time records before it. *Case v. Unified School Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998). Accordingly, counsel for a fee applicant bears the burden of "submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Id.* (citing *Ramos*, 713 F.2d at 553).

As an initial matter, I am incredulous that Southwest Cheese's response to the relevant motion (Doc. 29) could have taken any attorney or combination of attorneys approximately nine hours to research, write, and file. The response in question consisted of three pages of text, of which essentially three paragraphs were devoted to legal argument. (*Id.* at 2-3.) Of these three paragraphs, the first briefly pointed out the incongruence between Macias's claims and her requested discovery, while the second cited a single authority[2] for the proposition that discovery requests for "all emails" are generally overbroad. (*Id.* at 2.) The majority of the final paragraph of analysis was taken verbatim from Southwest Cheese's response to an earlier motion to compel in a companion case (*compare id.* at 3, *with Martinez v. Southwest Cheese, LLC*, 12-CV-660 MCA/WPL, Doc. 42 at 2 (D.N.M. Mar. 11, 2013)), suggesting that little effort was needed to incorporate the passage into the response at issue here. Given the straightforward claim and defense at issue, the clear Tenth Circuit authority on the question, and the brevity and quality of

---

[2] While I usually disregard stray typographical errors in parties' briefs, the fact that Southwest Cheese incorrectly cited the single most relevant case (of the two that appeared in its response) suggests that defense counsel spent somewhat less time on its response than is claimed. (*See* Doc. 29 at 2 (erroneously citing *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649 (10th Cir. 2008), as "*Regan-**Touch** v. Walgreen Company*, 526 F.3d **651**, 649 (10th Cir. 2008)" (emphasis added)).) Given the outcome of this Order, I will not address how such sloppy drafting might also affect the reasonableness of the attorneys' requested hourly rates.

Southwest Cheese's response, I cannot give any credence to the claim that opposition to Macias's motion reasonably required nine hours of effort.

Moreover, Arcadi's affidavit is almost completely deficient with respect to the time spent on the matter in question. As Macias correctly notes, defense counsel failed to itemize their relevant hours as required under Tenth Circuit precedent, submitting only a total of the hours allegedly worked by each of two attorneys. Because defense counsel has failed to meet its burden to submit "meticulous, contemporaneous time records," I am unable to "winnow[] the hours actually expended down to the hours reasonably expended," *Case*, 157 F.3d at 1250 (citation omitted), as I have no indication as to how any of these hours were actually or reasonably spent by the attorneys.

Even if I were able to determine the hours reasonably expended by Southwest Cheese in opposing Macias's motion, Southwest Cheese has also failed to meet its burden of establishing the reasonableness of the hourly rate charged by defense counsel for their services. This portion of the lodestar amount is calculated by determining the prevailing market rate "for similar services by 'lawyers of reasonably comparable skill, experience, and reputation' in the relevant community." *Lippoldt v. Cole*, 468 F.3d 1204, 1224-25 (10th Cir. 2006) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). The relevant community is generally the area in which the litigation occurs. *Ramos*, 713 F.2d at 555; *see also Lippoldt*, 468 F.3d at 1225 ("Unless the subject of the litigation is 'so unusual or requires such special skills' that only an out-of-state attorney possesses, 'the fee rates of the local area should be applied even when the lawyers seeking fees are from another area.'" (quoting *Ramos*, 713 F.2d at 553)). Thus, the relevant community for this litigation encompasses New Mexico.

Just as Arcadi's affidavit fails to establish the reasonableness of the hours worked in

4

opposing Macias's motion, it also fails to establish the reasonableness of the hourly rates sought here. Arcadi does not set forth any evidence regarding the prevailing New Mexico market rate for services similar to what she and Wood have rendered. *See Case*, 157 F.3d at 1255 (citing *Beard v. Teska*, 31 F.3d 942, 955-57 (10th Cir. 1994)). Nor does she provide sufficient details regarding her or Wood's experience or skills and how these factors would justify the respective hourly rates of $546 and $400. *See Lippoldt*, 468 F.3d at 1224-25 (citation omitted). Finally, Arcadi does not assert, and the evidence does not show, that opposition to this relatively straightforward motion to compel required an unusual or special skill set justifying out-of-state fee rates. *See id.* at 1225 (citation omitted).

Several years ago, another court in this district recognized that a requested hourly rate of $400 was excessive for litigation in New Mexico, even for a law partner—indeed, a "certified specialist in several areas of litigation"—with almost forty-five years' experience. *See Hughes v. Martinez*, No. 09-CV-104 WJ/WPL, Doc. 70 at 5-6 & n.4 (D.N.M. May 6, 2010). Southwest Cheese nonetheless seeks the same hourly rate for an associate in this action and a significantly higher rate for a partner at his firm. (Doc. 37 at 2.) Although I have little evidence before me regarding Arcadi and Wood's levels of skill and experience, I would be shocked to discover that either warrants an hourly rate found to be excessive in New Mexico for the experienced litigation specialist in *Hughes*.[3]

When a fee applicant fails to provide adequate evidence regarding prevailing market rates, a district court may, "in its discretion, use other relevant factors, including its own knowledge, to establish the rate." *Case*, 157 F.3d at 1257 (citation omitted). Here, however, such

---

[3] Although Judge Johnson ultimately awarded the hourly rate sought in *Hughes*, he did so on the basis that an out-of-state fee was appropriate under the facts before him, and he expressly noted that the rate should not be considered precedential for fee awards in New Mexico. *See Hughes*, *supra*, at 6 & n.4. Instead, he observed, "I would normally be inclined to reduce the requested rates by at least 25%" if New Mexico were considered to be the prevailing market. *Id.* at 6.

an effort would be futile; as noted earlier, I do not have sufficient evidence to determine the number of hours reasonably expended by defense counsel in opposing Macias's motion. Although I could order supplemental briefing on the question, allowing Southwest Cheese to set forth its expenses in greater detail, I am disinclined to do so for two reasons. First, in doing so, fairness would dictate that Macias be allowed an opportunity to respond yet again to the reasonableness of the newly delineated hours. All of this additional briefing should not be required for the minor matter of attorneys' fees related to a simple discovery dispute. *See Hensley*, 461 U.S. at 437 ("A request for attorney's fees should not result in a second major litigation.") Second, and more importantly, Southwest Cheese ultimately bore the burden of establishing its entitlement to fees and the reasonableness of the fees requested. *See id.* Neither this Court nor Macias should be forced to expend additional time and resources simply because Southwest Cheese failed to meet its burden in the first instance.

An award of reasonable expenses, including attorneys' fees, should not be treated like a golden ticket to seek exorbitant and unreasonable sums from the losing side in a discovery dispute. Southwest Cheese has failed to establish that it is entitled to an award of almost $4,000 for an unremarkable three-page response to a rote motion to compel, and it has failed to provide me with sufficient evidence to craft a more reasonable award. Accordingly, I will grant Macias the relief she has requested here. (*See* Doc. 38 at 6.) Southwest Cheese's request for expenses and fees incurred in opposing Macias's discovery motion is denied in its entirety.

IT IS SO ORDERED.

                                                                                  */s/ William P. Lynch*
                                                                          William P. Lynch
                                                                          United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.