IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

YVONNE MACIAS,

    Plaintiff,

v.                                                                                    No. Civ. 12-350 LH/WPL

SOUTHWEST CHEESE COMPANY, L.L.C.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

On May 14, 2013, Plaintiff Yvonne Macias ("Plaintiff") filed an "Objection to Magistrate Judge's 'Memorandum Opinion and Order' Denying Plaintiff's Motion to Compel Answers to Plaintiff's Second Set of Requests for Production" (ECF No. 36). Plaintiff objects to two orders entered by the Honorable William P. Lynch. First, Plaintiff objects to Judge Lynch's May 1, 2013 Order Denying Plaintiff's Motion to Compel Discovery (ECF No. 32), which denied Plaintiff's request to compel additional responses from Defendant to a Request for Production ("RFP") that sought e-mail accounts for all management employees of Defendant during the time that Plaintiff was employed there, "including but not limited to reference to Plaintiff, any female employees, of females in general; references to female anatomy . . ., including any jokes, banter, cartoons, or pictures." Second, Plaintiff objects to Judge Lynch's May 7, 2013 Order (ECF No. 35), which required Plaintiff's counsel to pay Defendant's reasonable expenses incurred in opposing Plaintiff's motion to compel, including attorneys' fees. Defendant Southwest Cheese Company, L.L.C., ("Defendant") filed a response (ECF No. 40) to Plaintiff's Objection and Plaintiff subsequently filed a reply (ECF No. 41). The Court, having considered the objections, briefs, orders, relevant law, and otherwise being fully advised, concludes that Plaintiff's

objections should be overruled and the orders be affirmed.

## I.     BACKGROUND

In Plaintiff's First Amended Complaint she asserts claims for gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*; 42 U.S.C. § 1981; and the New Mexico Human Rights Act ("NMHRA"), N.M. Stat. Ann. § 28-1-7, and state law claims of breach of contract, intentional infliction of emotional distress, and negligent supervision.  Plaintiff alleges that, during her employment, assistant team leader Cody Stewart exposed himself to her; team supervisor Jose Brojas sexually harassed her; and Defendant terminated her in retaliation for not accepting Jose Brojas's sexual advances.  *See* Am. Comp. ¶¶ 11-13, ECF No. 8.  In a Memorandum Opinion and Order, this Court dismissed Plaintiff's Section 1981 claim, but all other claims remain in the case.  *See* Mem. Op. and Order 13, Dec. 12, 2012, ECF No. 19.

During discovery, Plaintiff sent to Defendant the following RFP:

Please produce the Southwest Cheese e-mail accounts for all management employees on the Cheese side during the time that Plaintiff was employed at Southwest-Cheese L.L.C. including but not limited to references to Plaintiff, any female employees, or females in general; references to female anatomy (including breasts, buttock, vagina, mou[th]), including any jokes, banter, cartoons, or pictures.

*See* Pl.'s Mot. to Compel, Ex. 1, at 5 of 6, ECF No. 28-1.  Defendant objected to the request as overly broad, unduly burdensome, and irrelevant, and because the documents were protected by the attorney-client and work-product privileges.  *See id.*

By letter to Defendant dated March 28, 2013, Eric Dixon, Plaintiff's counsel, replied that Defendant improperly asserted privileges and argued that the RFP was not overly broad or burdensome because there "were nine Team Leaders, four production managers and the President at the time that Ms. Macias was employed.  We are asking for specific items."  Pl.'s

Mot. to Compel, Ex. 2, ECF No. 28-2.  Mr. Dixon also pointed out that Defendant had made broad RFPs of Plaintiff's social media.  *See id.*

On April 5, 2013, Plaintiff filed a Motion to Compel (ECF No. 28), seeking responses to the requested RFP.  In her motion, Plaintiff requests email accounts for 10 specifically named management employees "regarding Plaintiff."  Pl.'s Mot. to Compel 3, ECF No. 28.  Defendant responded that the RFP was overbroad and unduly burdensome because Plaintiff improperly asked for the entire email accounts for the management team of Defendant.  *See* Def.'s Resp. 2-3, ECF No. 29.  In her reply, Plaintiff stated she "significantly limits her request to the e-mail accounts of these fourteen management employees involving females, female anatomy including any jokes, banter, cartoon, or pictures."  Pl.'s Reply 7, ECF No. 30.

On May 1, 2013, Judge Lynch denied Plaintiff's motion to compel discovery and ordered Plaintiff to show cause under Rule 37(a)(5)(B) why she should not have to pay Defendant's reasonable expenses incurred in opposing the motion.  Order 5, ECF No. 32.  Judge Lynch explained that Plaintiff's RFP sought all email to or from any management employees and used the broad phrase "including but not limited to" references to Plaintiff, females, and female anatomy.  *See id.* at 3.  Judge Lynch rejected Plaintiff's what's-good-for-the-goose-is-good-for-the-gander argument based on Plaintiff agreeing to Defendant's broad discovery requests, because it did not have support in case law and could not transform an otherwise irrelevant discovery request into a relevant one.  *See id.* at 4.  Finally, Judge Lynch noted that Plaintiff attempted to limit her RFP in her reply brief, but that by waiting to make the limitation in her reply, Plaintiff failed to give Defendant proper notice of her new argument, and thus, he deemed the argument waived on grounds of fairness.  *See id.* at 4-5.

Plaintiff subsequently responded to the order to show cause why attorneys' fees and costs

should not be assessed against her.  Pl.'s Resp. to Court's Order, ECF No. 33.  On May 7, 2013, Judge Lynch, pursuant to Rule 37(a)(5)(B), concluded that Plaintiff's motion to compel was not substantially justified because Plaintiff's RFP expansively sought full access to email accounts for all management employees.  *See* Order 3, ECF No. 35.  Judge Lynch ordered defense counsel to submit an affidavit setting forth the fees and expenses it incurred in opposing the motion to compel.  *Id.* at 5.

Plaintiff filed her objection to Judge Lynch's two orders on May 14, 2013.  Pl.'s Objection, ECF No. 36.  Plaintiff contends that the management emails are relevant to show that management was aware of and encouraged sexually graphic emails; management was aware of Mr. Stewart's inappropriate sexual conduct in the workplace; and management negligently supervised Mr. Stewart and Mr. Brojas.  *See id.* at 7-9.  As to Judge Lynch's finding that the RFP was overly broad, Plaintiff contends that Judge Lynch incorrectly believed that she sought all management emails, rather than emails of the 12 managers who supervised Mr. Stewart and Mr. Brojas.  *Id.* at 9-10.  Plaintiff also argues that she limited her request to emails referencing Plaintiff, female employees, females in general, and references to female anatomy.  *Id.* at 10.  Plaintiff notes that she attempted to limit her request in her March 28, 2013 email, but Defendant never responded.  *Id.* at 12-13.  Plaintiff asserts that Defendant should not be able to argue that the RFP is overbroad when it requested more invasive discovery.  *Id.* at 13.  Finally, Plaintiff contends that her motion to compel was substantially justified, and that the Court should set aside Judge Lynch's Order awarding fees and costs.  *Id.* at 13-14.

Subsequently, Defendant filed an affidavit requesting attorneys' fees in the amount of $3,876.80.  Aff. of Arcadi ¶ 5, ECF No. 37.  Plaintiff opposed the fees as unreasonable and without basis.  Pl.'s Resp. to Aff. 3, ECF No. 38.  On May 28, 2013, Judge Lynch entered an

Order on Expenses Incurred by Defendant in Opposing Plaintiff's Motion to Compel, in which Judge Lynch concluded that Defendant "failed to establish that it is entitled to an award of almost $4,000 for an unremarkable three-page response to a rote motion to compel, and it has failed to provide me with sufficient evidence to craft a more reasonable award." Order 6, ECF No. 39. Judge Lynch denied Defendant's request for expenses and fees incurred in opposing the motion to compel in its entirety. *Id.*

Defendants filed a response to Plaintiff's Objection, noting that Plaintiff's motion to compel asked for the entire management emails, using the expansive phrase "including but not limited to" references to Plaintiff, female employees, females, and female anatomy, and that Plaintiff did not attempt to limit her request until her reply brief. *See* Def.'s Resp. to Pl.'s Objection 1, 4-5, ECF No. 40. Defendant contends that the email request is not relevant, given that Plaintiff in her complaint makes no claim of sexual harassment by any employees other than Mr. Stewart and Mr. Brojas, nor did she reference sexually harassing emails. *See id.* at 4.

In Plaintiff's reply, she states that, prior to the motion to compel, she limited her request to 12 managers and 8 search terms. Pl.'s Reply 1, ECF No. 41. She further argues that Judge Lynch should have considered her further limitation in her reply brief and worked with the parties to narrow the RFP so it was not overbroad. *See id.* at 2-3. Plaintiff asserts that the emails are relevant and are likely to reveal inappropriate communications, given that Mr. Stewart was caught texting a picture of male genitals to a co-worker. *See id.* at 3.

## II. STANDARD

The Court reviews a magistrate judge's order under 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72(a). Under Rule 72(a), a district court must modify or set aside any part of the order that is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). An order is clearly

erroneous when, "on the entire evidence [the reviewing court] is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

**III.   ANALYSIS**

    **A.   Objection to May 7, 2013 Order (ECF No. 35) awarding reasonable fees and expenses incurred in opposing Plaintiff's motion to compel**

Plaintiff's objection to the May 7, 2013 Order awarding reasonable fees and expenses will be overruled as moot. After Plaintiff filed her objection, Judge Lynch entered an Order (ECF No. 39) in which he found insufficient support for the large fee requested and denied Defendant's request for expenses and fees incurred in opposing the motion to compel in its entirety. Consequently, Plaintiff no longer must pay any fees and expenses, so the issue is moot.

    **B.   Objection to May 1, 2013 Order (ECF No. 32) denying Plaintiff's motion to compel**

Although discovery is construed broadly under the federal rules, discovery is not without limits. *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519 (10th Cir. 1995). A court may order discovery of "any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

In this case, Judge Lynch determined that the RFP was overly broad and would capture much irrelevant and potentially personal information.[1] In denying Plaintiff's motion to compel,

---

[1] The parties also argue their respective positions for why emails containing sexual content to or from managers would be relevant to the case. The Court need not address that issue, because Judge Lynch's orders were not based on the relevancy of such emails; rather, Judge Lynch's orders were based on the fact that Plaintiff's RFP too broadly requested all emails and did not limit the emails to those concerning Plaintiff or sexual content.

Judge Lynch relied in part on the case of *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641 (10th Cir. 2008).  In *Regan-Touhy*, the Tenth Circuit determined the district court did not abuse its discretion in concluding that the plaintiff's requests for "all communications" between the defendant and its employee and "all email" from the employee's work email account were overbroad.  *Id.* at 649.  The Tenth Circuit reasoned:

> Rather than being tailored to ascertaining whether Walgreen disciplined [its employee] Ms. Whitlock for (allegedly) disclosing Ms. Touhy's condition-the information Ms. Touhy says she wanted to discover-these requests cast a much wider net, encompassing much information irrelevant to that stated purpose, of a potentially personal nature, or protected by attorney-client privilege. *See* Fed.R.Civ.P. 26(c)(1); *Herbert* [*v. Lando*], 441 U.S. [153,] 177, 99 S.Ct. 1635 [1979)]; *Crawford-El v. Britton*, 523 U.S. 574, 598, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly"); Manual for Complex Litigation § 11.443, at 75 (encouraging courts to "forbid sweeping requests" and to "direct counsel to frame requests for production of the fewest documents possible"). Further, the burdens and costs associated with electronic discovery, such as those seeking "all email," are by now well known, and district courts are properly encouraged to weigh the expected benefits and burdens posed by particular discovery requests (electronic and otherwise) to ensure that collateral discovery disputes do not displace trial on the merits as the primary focus of the parties' attention.

*Id.*

This Court cannot say that Judge Lynch's decision was clearly erroneous or contrary to law or that his reliance on *Regan-Touhy* was misplaced.  Plaintiff, in her motion to compel, as in her RFP, requested email accounts for all management employees.  Although Plaintiff in her March 28, 2013 letter noted that there are 14 management employees to which the RFP pertains, and her motion to compel listed the names of 10 such employees, Judge Lynch did not err in nevertheless finding the requested discovery overly broad.  Nowhere in Plaintiff's motion did she attempt to limit her request to only emails referencing Plaintiff, female employees, or female anatomy.  Instead, the motion requested all emails "including but not limited to" such references.  The phrase "including but not limited to" is expansive, not restrictive.  Although Plaintiff may

7

not have intended to have asked for all emails of management, Plaintiff's own inartful drafting of the RFP and the motion to compel is to blame.  Judge Lynch correctly interpreted the RFP and the motion to compel as requesting all management emails, not just those referencing Plaintiff or sexual content.  The RFP pending before Judge Lynch in the motion to compel, like the request in *Regan-Touhy*, was overly broad and would result in the unduly burdensome disclosure of far more emails of management than were relevant to Plaintiff's claims.

The Court recognizes that Plaintiff, in her reply, stated that she "significantly limits her request to the e-mail accounts of these fourteen management employees involving females, female anatomy including any jokes, banter, cartoon, or pictures."  Judge Lynch, however, chose not to consider the belated attempt to limit the RFP, finding that Defendant would be at an unfair disadvantage because Plaintiff did not clearly attempt to make the same limitation during her discussions with Defendant before filing the motion to compel and Defendant could only properly respond to the new proposed limitation in a sur-reply.  Judge Lynch correctly noted that courts need not address arguments raised for the first time in a reply brief, and thus, his decision was not clearly erroneous.  *See United States v. Harrell*, 642 F.3d 907, 918 (10th Cir. 2011) (explaining that argument raised for first time in reply brief are generally deemed waived); *Okland Oil Co. v. Knight*, 92 F. App'x 589, 607 (10th Cir. 2003) (unpublished decision) ("[D]istrict courts are not required to address arguments and allegations raised for the first time in a reply brief.").

Nor can the Court conclude that Judge Lynch clearly erred by not relying on the fact that Plaintiff had provided Defendant with the broad discovery it requested, so proverbially "what is good for the goose is good for the gander."  Although a court in its discretion may look to principles of fairness and a balancing of burdens, Judge Lynch correctly followed the Federal

Rules and case law in concluding that Plaintiff's request was overbroad. As Judge Lynch noted, Plaintiff could also have challenged Defendant's requests, but chose not to do so. Plaintiff has shown the Court no law requiring a district court to disregard the rules or case law where the other party has voluntarily produced more discovery than necessary.

Finally, Plaintiff argues that footnote 6 of the *Regan-Touhy* case states that a court is free to and could choose to work with the parties to narrow the discovery requests. *See Regan-Touhy*, 526 F.3d at 650 n.6. Plaintiff neglects to include the second portion of footnote 6, in which the Tenth Circuit elaborated: "But, at the end of the day, it is the parties' obligation to frame their own discovery requests and to seek to narrow any disputes with opposing counsel; the district court is obliged only to rule on the requests for enforcement or protection eventually presented to it, not to do the parties' work for them by editing discovery requests until they comply with the Federal Rules of Civil Procedure." *Id.* The decision by the court to work with the parties is therefore discretionary. This Court does not review objections to motions to compel *de novo*; instead, this Court reviews the orders through the lens of the clearly erroneous standard. This Court cannot find Judge Lynch's decision to rule based on what was presented in the initial motion to compel, rather than in the reply, clearly erroneous. For all the foregoing reasons, Judge Lynch's denial of Plaintiff's motion to compel was supported by the law and record and should be affirmed.

**IT IS THEREFORE ORDERED** that Plaintiff's Objection to Magistrate Judge's "Memorandum Opinion and Order" Denying Plaintiff's Motion to Compel Answers to Plaintiff's Second Set of Requests for Production (**ECF No. 36**) is **OVERRULED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE