IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


YVONNE MACIAS,

    Plaintiff,

v.                                                                                                     No. Civ 12-350 LH/WPL

SOUTHWEST CHEESE COMPANY, L.L.C.,

    Defendant.


**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Plaintiff Yvonne Macias's Motion to Strike. (Pl. Mot., ECF No. 52)  In this motion, Plaintiff seeks to strike material attached to Defendant Southwest Cheese Company's (SWC) reply brief in support of its motion for summary judgment. In the alternative, Plaintiff moves for leave to file a surreply.  The Court, having considered Plaintiff's motion, the parties' arguments and the relevant law, and otherwise being fully advised, concludes that the motion is granted in part and denied in part.  Plaintiff's request for leave to file a surreply is denied.

**I.    BACKGROUND**

In this lawsuit, Plaintiff has brought claims against SWC, her former employer, under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the New Mexico Human Rights Act ("NMHRA"), N.M. Stat. Ann. § 28-1-7 (2004). (Pl.'s Am. Compl., ECF No. 8)  Plaintiff has also raised claims under New Mexico law for breach of contract, intentional infliction of emotional distress, and negligent supervision. (*Id.* at 9-15)

Plaintiff alleges that while she was employed at SWC, a male employee named Cody Stewart pulled down his pants and exposed his genitals to her while both were working at the SWC production facility in Clovis, New Mexico.  She further alleges that a male supervisor, Jose Borjas,[1] became obsessive towards her, engaged in flirtatious behavior, repeatedly called her into his office for non-legitimate work-related reasons, stared at her in a sexually provocative manner, and frequently stood uncomfortably close to her.  Plaintiff contends that as a result of Stewart and Borjas's conduct, she was subjected to quid pro quo sexual harassment in violation of Title VII and a sexually hostile work environment in violation of Title VII and the NMHRA. (*Id.* at 5-9)

On September 27, 2013, SWC moved for summary judgment, requesting dismissal of all of Plaintiff's remaining[2] claims with prejudice. (SWC's Mot. Summ. J., ECF No. 45)  Plaintiff responded to SWC's motion for summary judgment on October 9, 2013. (Pl.'s Resp. to SWC's Mot. Summ. J., ECF No. 47)  SWC subsequently filed a reply brief, which included the following four exhibits: (1) excerpts from Plaintiff's deposition; (2) Plaintiff's affidavit filed in another lawsuit;[3] (3) a memorandum opinion and order filed in that lawsuit;[4] and (4) the affidavit of Brenda Miller, SWC's then-Human Resources Director. (SWC's Reply Br. Ex. D-G, ECF No.

---

[1] The parties have used the name Jose Borjas and Jose Brojas interchangeably to refer to this individual in this lawsuit.  Based on the employment and disciplinary records submitted by the parties in the context of the summary judgment proceedings, it appears that the correct name of this individual is Jose Borjas.  (*See* ECF No. 47-7)

[2] Plaintiff also raised a claim in this case under 42 U.S.C. § 1981, which the Court dismissed in an earlier order. (Mem. Op. and Order, ECF No. 19)

[3] Affidavit of Yvonne Macias, *Chavez-Acosta v. Southwest Cheese Co., LLC*, No. 2:12-cv-00353 JAP/CG, ECF No. 36-2.

[4] Mem. Op. and Order, *Chavez-Acosta v. Southwest Cheese Co., LLC*, No. 2:12-cv-00353 JAP/CG (D.N.M. July 1, 2013), ECF No. 56.

48-1) Plaintiff seeks to strike all four of the foregoing exhibits, arguing that they are inadmissible because they (1) support new arguments and evidence raised only in the reply brief, (2) are not relevant to this case, or (3) contradict earlier testimony.

## II.  STANDARD OF REVIEW

The Court incorporates by reference the applicable legal standards provided in the memorandum opinion and order filed in this lawsuit on SWC's Motion to Strike (ECF No. 59). The Court will provide any additional applicable law, as necessary, in its analysis below.

## III.  ANALYSIS

### A. Excerpts from Plaintiff's Deposition (Pl. Dep., SWC Ex. D, ECF No. 48-1)

Plaintiff seeks to strike excerpts from her deposition that SWC relied upon in its reply brief. (Pl. Mot. 2, Pl. Reply Br. 3-4)  Plaintiff argues that these excerpts should be excluded because they contain new evidence and support new arguments advanced by SWC for the first time in its reply brief.  *See M.D. Mark, Inc. v. Kerr-McGee Corp.*, 565 F.3d 753, 768 n.7 (10th Cir. 2009) (stating that "the general rule in [the Tenth] [C]ircuit is that a party waives issues and arguments raised for the first time in a reply brief . . . .").

Plaintiff first contends that the Court should strike page 96[5] of the deposition, wherein Plaintiff stated that she did not speak to anyone at SWC besides Bryant Fernandez regarding the Stewart exposure incident. (Pl. Mot. 2)  Plaintiff characterizes SWC as attempting to claim in its reply brief that she did not report the Stewart incident to anyone in Human Resources.  The Court concludes that it is not necessary to strike this page.  SWC's Policy against Harassment provides that employees can report allegations of harassment to the alleged harasser's supervisor,

---

[5] Plaintiff refers to this deposition page as Page 6 in her motion to strike, which corresponds to the electronic case filing page number.  The Court, however, will cite to the original page number in the deposition for this and other deposition excerpts that Plaintiff is challenging in her motion to strike.

his/her own supervisor, or to the human resources manager. (SWC Ex. A-2 pg. 6, ECF No. 45-1) According to Plaintiff's affidavit, she reported Stewart's conduct to Bryant Fernandez, a shift supervisor. (Pl. Aff. ¶ 6, ECF No. 47-1) Consequently, in light of SWC's Policy against Harassment, whether or not Plaintiff reported Stewart's conduct to anyone else at SWC aside from Fernandez is irrelevant for purposes of the Court's ruling on SWC's motion for summary judgment. The Court will therefore not strike page 96 of Plaintiff's deposition.

Next, Plaintiff asks that the Court strike page 101 of her deposition, wherein she testified that she was not a permanent employee of SWC at the time of the Stewart exposure incident. (Pl. Mot. 2) However, it is an undisputed fact that Plaintiff was employed by a staffing company to work at SWC in June 2009 when the Stewart exposure incident occurred. (SWC Mot. Summ. J. 5; Pl. Resp. Br. to SWC's Mot. Summ. J. 5) Rather than presenting new evidence, Plaintiff's statement on page 9 of the deposition merely confirms this undisputed fact:

> Q: That incident [involving Cody Stewart] occurred before Southwest Cheese offered you a position of employment with the company, correct?
>
> A: Yes, ma'am.

The Court will not strike this content on the basis that it represents new evidence. Furthermore, the Court disagrees with Plaintiff's argument that this statement contradicts SWC's position in its motion for summary judgment. (Pl. Reply Br. 3) Rather, it appears to the Court that both parties have acknowledged in various supporting documents that Plaintiff was working for a staffing company when the Stewart incident exposure in June 2009 occurred. The Court therefore will not strike page 101 of Plaintiff's deposition.

Plaintiff also asks the Court to strike page 122 of the deposition where Plaintiff stated that she did not complain to anyone in Human Resources about inappropriate behavior by Jose

Borjas. (Pl. Mot. 3)  The Court is not convinced by Plaintiff's argument that page 122 represents a new argument raised for the first time in SWC's reply brief.  The parties have offered differing accounts, based on various affidavits and other documentation, as to whether Plaintiff reported Borjas's conduct, and if so, to whom she reported this conduct.  In its motion for summary judgment, SWC submitted excerpts from Plaintiff's deposition as an exhibit to support its position that Plaintiff did not report Borjas's alleged conduct. (SWC's Mot. Summ. J. 10-11, ECF No. 45)  Plaintiff countered SWC's argument in her response brief by filing an affidavit in which she stated that she did report to Borjas's conduct to Brenda Miller, Danny Garcia, and other SWC employees. (Pl. Resp. Br. to SWC's Mot. Summ. J. 14)  SWC subsequently attached page 122, the deposition excerpt now at issue, to its reply brief to support its earlier argument that Plaintiff did not report Borjas's specific conduct to anyone in Human Resources.  The Court therefore concludes that page 122 merely supports an argument that SWC has already advanced.  The Court will not disregard page 122 of Plaintiff's deposition.

### B. Plaintiff's Affidavit (Pl. Aff., SWC Ex. E, ECF No. 48-1)

Plaintiff summarily argues that the Court should disregard an affidavit that Plaintiff gave in another lawsuit involving SWC.  *See supra* note 3.  SWC has submitted this affidavit as an exhibit to its reply brief. (SWC Ex. E, ECF No. 48-1)  Although Plaintiff contends that the Court should disregard the affidavit in its entirety, Plaintiff does not offer any reason or authority for why the affidavit should be struck, aside from pointing out that the affidavit was filed in a separate proceeding. (Pl. Mot. 3)  This is not persuasive because parties are allowed to rely on an affidavit given for purposes of another proceeding as long as the affidavit meets the requirements of Rule 56.  *See* Fed. R. Civ. P. 56(c)(4) (stating that "[a]n affidavit or declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge, set

5

out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.").

Plaintiff also argues in her reply brief that the affidavit should not be considered because it contains new material. (Pl. Reply Br. 5)  However, Plaintiff fails to specify the content in the affidavit that is purportedly new material.  The Court consequently finds this argument to be without merit.  For these reasons, the Court will not strike Plaintiff's affidavit.

### C.  Memorandum Opinion and Order (SWC Ex. F, ECF No. 48-1)

SWC attached to its reply brief a district court memorandum opinion and order partially granting summary judgment filed in another lawsuit involving SWC.  *See supra* note 4.  Plaintiff asks the court to disregard the memorandum opinion (submitted as SWC Ex. F (ECF No. 48-1) in this case) because it is not binding on the Court.  (Pl. Reply Br. 5)  As support for her argument, Plaintiff relies on *United States v. Austin*, 426 F.3d 1266, 1274 (10th Cir. 2005), for the proposition that "unpublished orders are not binding precedent . . . [and] citation to unpublished opinions is not favored."  However, the Court notes that the Tenth Circuit Court of Appeals went on to state in *Austin* that citation to an unpublished decision is permitted if the "unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition." *Id.*; *see also* 10th Cir. R. 32.1(A) ("Unpublished opinions are not precedential, but may be cited for their persuasive value.").  The Court will therefore not disregard the memorandum opinion due to its non-binding nature, but rather, will consider it for any persuasive value it may have.  The Court is cognizant that, because the unpublished memorandum opinion is a ruling on a motion for summary judgment, the memorandum opinion is of limited persuasive value as it is based on the specific facts of that case.

**D. Affidavit of Brenda Miller** (Miller Aff., SWC Ex. G, ECF No. 48-1)

Plaintiff argues that the Court should strike ¶¶ 7-16 of Brenda Miller's affidavit on the ground that these paragraphs are not relevant to Plaintiff's claims in this case. (Pl. Mot. 3-4) Plaintiff represents that all of these paragraphs concern an investigation into misconduct by a male SWC employee, Chance Senkevich, following complaints by a female SWC employee, Lorena Chavez-Acosta. (*Id.*) However, the Court's review of Miller's affidavit indicates that only ¶¶ 7-12 of the affidavit describe SWC's investigation into Senkevich. (Miller Aff. 2-3) The Court agrees with Plaintiff that these paragraphs are not relevant to Plaintiff's claims in this case. The Court also notes that SWC has conceded that these paragraphs are irrelevant and need not be considered by Court in ruling on SWC's motion for summary judgment. (SWC Resp. Br. 5) Therefore, the Court will strike ¶¶ 7-12 of Miller's affidavit.

As to ¶¶ 13-16 of Miller's affidavit, Plaintiff does not explain why these paragraphs are not relevant to her claims. (Pl. Mot. 4) This is likely a result of her failure to recognize that these paragraphs do not concern SWC's investigation into Senkevich, but instead relate to Lorena Chavez-Acosta's resignation from her position (¶ 13) and allegations made by Chavez-Acosta against Cody Stewart (¶¶ 14-16). (Miller Aff. 3-4) The Court consequently has no basis upon which to strike ¶¶ 13-16 and will therefore not exclude these paragraphs.

As a final matter, Plaintiff moves to strike ¶¶ 17-18 of Miller's affidavit. (Pl. Mot. 4) In ¶ 17, Miller states that a female SWC employee, Margarita Holguin, was not hired by SWC for a permanent position because she lied about her educational qualifications on her job application. (Miller Aff. 4) Plaintiff argues that the Court should strike ¶ 17 because SWC failed to provide documentation supporting Miller's testimony as to the reason why Holguin left SWC. (Pl. Mot. 4) The Court disagrees that the lack of supporting documentation is a basis upon which to strike

¶ 17.  Miller was SWC's Human Resources Director at the time, and she can testify based on her personal knowledge as to the reason why she believes Holguin was not hired as a permanent employee.

To the extent that Plaintiff argues that ¶ 17 should be struck because it contradicts Holguin's own affidavit testimony, the Court is not persuaded that contradictory testimony offered by two different witnesses is grounds for striking the testimony.  The Court concludes that Miller and Holguin are pointing out differing reasons and opinions for Holguin's termination, and that this is not grounds for striking ¶ 17 of Miller's affidavit.  *See* 11 *Moore's Federal Practice*, § 56.94[3] (Matthew Bender 3d Ed.) (stating that while "parties' affidavits and declarations will usually be self-serving[,] [t]he self-serving nature of testimony raises a credibility issue for the factfinder, not an admissibility issue for the court.").  The Court will not strike ¶ 17.

Plaintiff argues that the Court should strike ¶ 18 of Miller's affidavit.  In ¶ 18, Miller testifies that Holguin did not complain of sexual harassment during her employment. (Miller Aff. 4)  In light of Miller's position as SWC's Human Resources Director, a reasonable inference can be drawn that Miller had personal knowledge of employee allegations concerning sexual harassment that were reported to Human Resources.  The Court reiterates that any inconsistency between Miller's affidavit testimony and that of Holguin regarding allegations of sexual harassment goes to the credibility of witnesses and not to the admissibility of the affidavits.  The Court will therefore not strike ¶ 18 of Miller's affidavit.

## IV.    CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Strike (ECF No. 52) is granted in part and denied in part as stated herein.  As to Plaintiff's request for leave to file a

surreply, the Court has reviewed SWC's reply brief and finds that it does not raise new arguments so as to warrant Plaintiff's filing of a surreply.

_____
SENIOR UNITED STATES DISTRICT JUDGE