**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

YVONNE MACIAS,

      Plaintiff,

v.                                                       No. CIV 12-350 JAP/WPL

SOUTHWEST CHEESE COMPANY, LLC,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

On November 20, 2015, less than two months before trial, Plaintiff Yvonne Macias filed a motion to compel the production of discovery. *See* MOTION TO COMPEL SOUTHWEST CHEESE TO PRODUCE CELLULAR TELEPHONES USED BY CODY STEWART, JOSE BORJAS AND ERIC DENTON DURING THE TIME THAT PLAINTIFF WAS EMPLOYED AT SWC AND FOR OTHER RELIEF (Doc. No. 115) ("Motion to Compel"). In this Motion to Compel, Plaintiff argues that the Court should require Defendant Southwest Cheese Company, LLC to turn over (1) the company-issued cellphones of Cody Stewart, Eric Denton, and Jose Borjas and (2) Defendant's email records for Cody Stewart. Defendant opposes Plaintiff's request for discovery as untimely and irrelevant. *See* DEFENDANT SOUTHWEST CHEESE COMPANY'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL AND FOR OTHER RELIEF (Doc. No. 123) ("Response"). The Court agrees that Plaintiff's attempt to obtain additional discovery is inexcusably tardy. Moreover, Plaintiff's motion to compel is procedurally inadequate. For both of these reasons, the Court will deny the Motion to Compel.[1]

---

[1] In reaching this decision, the Court also considered PLAINTIFF YVONNE MACIAS'S REPLY TO "DEFENDANT SOUTHWEST CHEESE COMPANY'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL AND FOR OTHER RELIEF" [DOC. 123] (Doc. No. 132) ("Reply").

A. **Procedural History**

Discovery commenced in this case on February 5, 2013 when the Court entered its ORDER SETTING PRETRIAL DEADLINES AND ADOPTING JOINT STATUS REPORT (Doc. No. 23). In this order, the Court set the following pretrial deadlines:

Termination Date for Discovery:    September 13, 2013

Discovery Motions Due:    September 20, 2013

*Id.* at 1-2. In accordance with these deadlines, the parties exchanged written discovery requests and scheduled depositions throughout 2013. During this period, Defendant did not file any discovery motions. Plaintiff filed only one discovery motion on April 5, 2013 asking the Court to order Defendant to produce email accounts for all of its "Cheese-side" management employees during the time of Plaintiff's employment. *See* PLAINTIFF YVONNE MACIAS MOTION TO COMPEL ANSWERS TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION TO SOUTHWEST CHEESE, L.L.C. (Doc. No. 28). The Court denied Plaintiff's motion to compel as overly broad. *See* ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY (Doc. No. 32) and MEMORANDUM OPINION AND ORDER (Doc. No. 46 at 8) (reasoning that Plaintiff's request for all management emails would "result in the unduly burdensome disclosure of far more emails of management than were relevant to Plaintiff's claims"). Plaintiff never moved the Court to reconsider this decision and did not challenge the decision during Plaintiff's subsequent appeal of the Court's decision to grant summary judgment in favor of Defendant on Plaintiff's federal claims.

Until the filing of the present motion, Plaintiff has consistently represented that discovery was complete. On December 2, 2013, the parties filed a proposed pretrial order stating that discovery was complete and there were no outstanding discovery matters of which the Court

should be aware. *See* PROPOSED PRETRIAL ORDER (Doc. No. 58) at16. After the Tenth Circuit Court of Appeals reversed the dismissal of Plaintiff's Title VII hostile work environment claim, the Court held a hearing on October 14, 2015 to determine the need for additional discovery. At this hearing, both parties indicated that discovery was complete and that they would like a trial date as soon as possible. *See* OCTOBER 14, 2015 CLERK'S MINUTES (Doc. No. 88). The parties reiterated this position in their October 20, 2015 proposed pretrial order. *See* PROPOSED PRETRIAL ORDER (Doc. No. 97) at 19. The parties estimated that they would be ready for trial by January 2016, roughly two months later. *Id.* at 30.

    **B. Standard of Review**

        ***i.   Procedure for Filing a Motion to Compel***

When a party fails to comply with its discovery obligations, the opposing side may file a motion to compel discovery under Federal Rule of Civil Procedure 37. Rule 37 provides the following instructions for "specific motions:"

> (A) To Compel Disclosure. If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.
>
> (B) To Compel a Discovery Response. A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:
> > (i) a deponent fails to answer a question asked under Rule 30 or 31;
> > (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4);
> > (iii) a party fails to answer an interrogatory submitted under Rule 33; or
> > (iv) a party fails to produce documents or fails to respond that inspection will be permitted--or fails to permit inspection--as requested under Rule 34.
>
> (C) Related to a Deposition. When taking an oral deposition, the party asking a question may complete or adjourn the examination before moving for an order.

Motions filed under this rule must comply with D.N.M.LR-Civ. 37.1, which requires the party seeking relief to "attach to the motion a copy of: (a) the interrogatory, request for production or

inspection, relevant portion of deposition transcript, or request for admission; and (b) the response or objection thereto." Read together these rules clearly indicate that a motion to compel must be tethered to the failure of the party from whom discovery is sought to make required disclosures or discovery under one of the Federal Rules of Civil Procedure. In other words, a motion to compel is not an appropriate vehicle to request information a party has not first attempted to obtain using a discovery request. *See DeWitt v. Southwestern Bell Tel. Co.*, Case No. 12-2605-SAC, 2014 U.S. Dist. LEXIS 22760, at *26 (D. Kan. Feb. 24, 2014) ("The Federal Rules of Civil Procedure provide necessary boundaries and requirements for formal discovery. Parties must comply with such requirements in order to resort to the provisions of Fed. R. Civ. P. 37, governing motions to compel."); *James v. Wash Depot Holdings, Inc.*, 240 F.R.D. 693, 695 (S.D. Fla. 2006) (Rule 37 only allows a court to compel production of information based on a formal discovery request under the Federal Rules of Civil Procedures). This requirement encourages parties to cooperate to exchange discovery without court-intervention. It also ensures that discovery disputes are narrowed and refined before being presented to the court for adjudication.

      ii.    *Proper Time for Filing a Motion to Compel*

Federal Rule of Civil Procedure 16 mandates that the Court enter a scheduling order limiting the time to conduct discovery and file motions. FED. R. CIV. P. 16. Once entered, this "schedule may be modified only for good cause and with the judge's consent." *Id.* (b)(4). Thus, to prevail on a motion to compel that is filed after the scheduling order deadline, a party must show both that the motion is well-founded and that some reason justifies its late submission. This is not a trivial standard. As many courts have emphasized, a "Scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."

*Washington v. Arapahoe County Dep't of Soc. Servs.*, 197 F.R.D. 439, 441 (D. Colo. 2000). Demonstrating good cause to extend discovery deadlines generally "requires the movant to show the scheduling deadlines [could not have been] met despite the movant's diligent efforts." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). (internal citation omitted).

    **C. Analysis**

        *i.  Phone Request*

Plaintiff argues that Defendant should be required to turn over company-issued cellphones belonging to Cody Stewart, Jose Borjas, and Eric Denton. Plaintiff contends that these phones were used to "send inappropriate messages, texts and pictures" and are, therefore, "critical to Plaintiff establishing that [Defendant] had either actual or constructive knowledge of the hostile work environment." Motion to Compel at 2. Plaintiff has not, however, identified any request for production, interrogatory, initial disclosure requirement, or other discovery device obligating Defendant to release these phones. As a result, even if Plaintiff is correct about the relevance of the cellphone data, Plaintiff's motion to compel is procedurally deficient and must be summarily denied. If Plaintiff desired the production of Defendant's cellphone data, the proper procedure for Plaintiff to follow was to issue an appropriate discovery request to Defendant seeking this information during the discovery process. Plaintiff has not made any showing that this occurred.

Hence, it appears that Plaintiff's request for Defendant's company-issued cellphones is not, properly speaking, a motion to compel, but is a different animal entirely: a motion to reopen discovery. Construed in this manner, Plaintiff's motion suffers from a fatal defect. Plaintiff has not shown that there is good cause to amend the discovery deadline so as to permit the exchange

of new information. Plaintiff provides only a meager explanation for why she did not timely seek information about inappropriate cellphone use or, more specifically, the cellphone records of Cody Stewart, Jose Borjas, and Eric Denton. Plaintiff maintains that she "was not aware that SWC issued cellular telephones to its Production Managers until November 5th, 2015" when she finally deposed Defendant's current Human Resources Manager. Reply at 2. Defendant disputes this characterization of the facts, noting that Mr. Stewart testified at his deposition about using a cellphone in September 2012 to send a picture of his genitals. In the Reply, Plaintiff counters that this was Mr. Stewart's personal phone.[2] The Court need not resolve this dispute.

Even if Plaintiff did not know about Defendant's use of company-issued cellphones until November 2015, Plaintiff has not demonstrated good cause to reopen discovery. Good cause requires more than a showing that the moving party stumbled upon new information. A party seeking to retroactively extend the discovery deadline must show that, despite its diligent efforts, it could not have foreseen the need for additional discovery within the court-imposed deadlines. Here, Plaintiff has failed to provide any explanation as to why she did not, through the discovery process, make inquiries about company phone use and records. By making these basic inquiries, Plaintiff could have obviated the need to reopen discovery in the weeks before trial. For this reason, the Court finds that Plaintiff has not provided good cause for reopening discovery to allow for the exchange of information related to Defendant's phone records.

  *ii. Email Request*

Plaintiff asks the Court to order Defendant to produce "the e-mail records of Cody Stewart . . . for in camera inspection for a determination regarding constructive knowledge by [Defendant]." Motion to Compel at 2-3. Like Plaintiff's request for Defendant's company-issued

---

[2] Plaintiff's Reply contradicts her original claim that Mr. Stewart used a "SWC issued and owned cellular telephone" to "send inappropriate messages, texts and pictures including a picture of a male scrotum on or about September 12th, 2012." Motion to Compel at 2.

cellphones, this request is procedurally deficient because Plaintiff does not identify a request for production, interrogatory, or initial disclosure requirement that governs the disclosure of the requested emails. The Court acknowledges that such a discovery request does exist. During the discovery process, Plaintiff issued a request for production seeking management emails. The Court's knowledge of this request, however, does not alleviate Plaintiff's responsibility for identifying the specific discovery device she seeks to enforce and attaching it to her motion to compel. The Court is not privy to a complete list of discovery requests and should not be required to speculate which discovery request Plaintiff had in mind when she filed her motion.

Even if the Court were inclined to overlook this fundamental defect in Plaintiff's motion, however, the Court's ruling would not change. As previously discussed, Plaintiff filed the present motion to compel over two years after the deadline for discovery motions. Plaintiff has provided absolutely no explanation for why this delay was reasonable. Nor can the Court conceive of any such justification. Plaintiff originally requested all "Cheese-side" management emails, including the emails of Cody Stewart. When the Magistrate Judge assigned to this case wrote a thorough and cogently reasoned opinion denying Plaintiff's request as overly broad, Plaintiff could have issued updated discovery requests tailored to acquire emails relevant to the harassment at issue in this lawsuit. Plaintiff chose not to do so. Instead, Plaintiff objected to the Magistrate Judge's decision. Then, when the District Judge previously assigned to the case confirmed the denial of Plaintiff's motion to compel, Plaintiff ceased pursuing the matter. She did not challenge the denial of her motion to compel on appeal.

Nor did the Tenth Circuit Court of Appeals decision undermine the Court's discovery ruling, as Plaintiff intimates. In what appears to be a half-formed attempt to explain why her request for emails should not be denied as untimely, Plaintiff maintains that the Court of Appeals

rejected Defendant's argument that its internal emails were irrelevant to this lawsuit because they were not sent to Plaintiff. Reply at 2. For the purpose of ruling on this motion, the Court will assume that this is a correct characterization of Defendant's position. It is not, however, a correct characterization of the Court's reason for denying Plaintiff's first motion to compel. The Court did not deny the motion because Plaintiff had not received any of the requested emails; the Court denied the motion because it sought all management emails without restriction, including those that were unrelated to the subject of this lawsuit – Cody Stewart's and Jose Boras's alleged harassment of Plaintiff. This decision remains valid. To the extent Plaintiff seeks not to challenge this ruling, but to request a narrower category of emails, those belonging only to Mr. Stewart, Plaintiff's request is two years too late. The Court will deny Plaintiff's request for Mr. Stewart's emails as procedurally inadequate and untimely.

IT IS ORDERED that Plaintiff's MOTION TO COMPEL SOUTHWEST CHEESE TO PRODUCE CELLULAR TELEPHONES USED BY CODY STEWART, JOSE BORJAS AND ERIC DENTON DURING THE TIME THAT PLAINTIFF WAS EMPLOYED AT SWC AND FOR OTHER RELIEF (Doc. No. 115) is DENIED.

_____
SENIOR UNITED STATES DISTRICT JUDGE