IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

YVONNE MACIAS,

    Plaintiff,

v.   No. CIV 12-350 JAP/WPL

SOUTHWEST CHEESE COMPANY, LLC,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

In opposition to DEFENDANT SOUTHWEST CHEESE COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND BRIEF IN SUPPORT (Doc. No. 122), Plaintiff Yvonne Macias submitted updated affidavits from Lorena Chavez-Acosta and Rebecca Martinez as well as an affidavit from Marilyn Hartwell, a previously undisclosed witness. On December 11, 2015, Defendant Southwest Cheese Company, LLC filed an opposed motion to strike the three affidavits as irrelevant, untimely, and otherwise inadmissible. *See* DEFENDANT'S MOTION TO STRIKE SUMMARY JUDGMENT EVIDENCE (Doc. No. 135) ("Motion to Strike"). Plaintiff opposed this request. *See* PLAINTIFF'S RESPONSE TO "DEFENDANT'S MOTION TO STRIKE SUMMARY JUDGMENT EVIDENCE" (Doc. No. 142). At the December 29, 2015 pretrial conference, the Court stated that it would grant Defendant's motion to strike the affidavit of Marilyn Hartwell because she was not timely disclosed as a witness. The Court did not, however, address Defendant's request to strike the affidavits of Ms. Chavez-Acosta or Ms. Martinez. For the reasons discussed below, the Court will grant Defendant's

1

motion to strike the affidavit of Ms. Chavez-Acosta and will grant in part and deny in part Defendant's motion to strike the affidavit of Ms. Martinez.[1]

## I.     Standard of Review

An affidavit used to oppose a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." FED. R. CIV. P. 56(c)(4). In accordance with this rule, courts must generally disregard inadmissible statements contained in a summary judgment affidavit, for example hearsay statements, as such "statements could not be presented at trial in any form." *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006); *see also Hansen v. PT Bank Negara Indonesia (Persero)*, 706 F.3d 1244, 1250 (10th Cir. 2013) (noting that "[a]lthough affidavits are entirely proper on summary judgment, the content or substance of the evidence contained therein must be admissible.").

In addition to enforcing the requirements of Rule 56(c)(4), a court may also disregard an affidavit if the affidavit contradicts the witness's prior sworn statements. As a general matter, courts will strike a summary judgment affidavit if the court concludes that the affidavit "constitutes an attempt to create a sham fact issue." *Franks v. Nimmo*, 796 F.2d 1230, 1237 (10th Cir. 1986) ("[T]he utility of summary judgment as a procedure for screening out sham fact issues would be greatly undermined if a party could create an issue of fact merely by submitting an affidavit contradicting his own prior testimony."). To determine whether a contradicting affidavit should be disregarded because it is offered to create a sham fact issue, the court considers the factors outlined in *Franks*: (1) "whether the affiant was cross-examined during his earlier testimony"; (2) "whether the affiant had access to the pertinent evidence at the time of his earlier

---

[1] In making its determination, the Court also considered DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STRIKE SUMMARY JUDGMENT EVIDENCE (Doc. No. 147).

testimony or whether the affidavit was based on newly discovered evidence"; and (3) "whether the earlier testimony reflects confusion which the affidavit attempts to explain." *Id.*

**II.  Analysis**

   *a. Lorena Chavez-Acosta*

In her December 6, 2015 affidavit, Lorena Chavez-Acosta attests that "Jose Borjas began an extra-marital affair with Beronica Bravo (an employee he supervised), as soon as it became apparent that he could not have an affair with Yvonne Macias." Second Affidavit of Lorena Chavez-Acosta, Exhibit 2 to PLAINTIFF YVONNE MACIAS'S RESPONSE TO "DEFENDANT SOUTHWEST CHEESE COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND BRIEF IN SUPPORT" (Doc. No. 130-2 ¶ 2). Ms. Chavez-Acosta explains that she knew about the affair because "Beronica Bravo told [her] about the on the job affair with Team Leader Jose Borjas." *Id.* ¶ 3. Defendant argues that the Court should strike these statements because Ms. Chavez-Acosta (1) lacks any personal knowledge of the affair and is instead testifying based on inadmissible hearsay and (2) testimony about the affair is irrelevant to the resolution of Defendant's motion for partial summary judgment. The Court agrees with both arguments.

In 2013, Plaintiff submitted an affidavit to the Court from Ms. Chavez-Acosta alleging that Mr. Borjas had an affair with Ms. Bravo. Affidavit of Lorena Chavez-Acosta, Exhibit 2 to PLAINTIFF YVONNE MACIAS' RESPONSE TO "DEFENDANT SOUTHWEST CHEESE COMPANY'S MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT (Doc. No. 47-2). The Court struck this allegation from Ms. Chavez-Acosta's affidavit because Ms. Chavez-Acosta had not identified any facts establishing that she had personal knowledge of the affair. MEMORANDUM OPINION AND ORDER (Doc. No. 59 at 12). Plaintiff contends that

Ms. Chavez-Acosta has rectified the defect in her first affidavit by explaining that she learned of the affair from her conversation with Ms. Bravo. Far from correcting the problem, Ms. Chavez-Acosta's updated affidavit confirms that she lacks the personal knowledge to testify about Mr. Borjas's supposed affair with Ms. Bravo. To competently testify about a specific matter, an affiant must have personally "perceived or observed" that to which she testifies. *Argo*, 452 F.3d at 1200. Here, Ms. Chavez-Acosta did not physically see or hear Mr. Borjas having an affair with Ms. Bravo; she only learned about the affair through the reports of Ms. Bravo. These reports are inadmissible hearsay that cannot provide a proper basis for Ms. Chavez-Acosta to testify about the alleged affair.

In an attempt to avoid this conclusion, Plaintiff argues that Ms. Bravo's statement is not hearsay because it qualifies as a statement of a party-opponent. Plaintiff correctly points out that Federal Rule of Evidence 801(d)(2) exempts from the definition of hearsay statements that are made by and offered against an opposing party, including statements made "by the party's agent or employee on a matter within the scope of that relationship." FED. R. EVID. 801(d)(2)(D). Ms. Bravo's claim that she was having an affair with Mr. Borjas does not fall within this exception, however, because there is no evidence that the affair was tied to Ms. Bravo's job responsibilities, duties, or experiences. *See Dick v. Phone Directories Co.*, 397 F.3d 1256, 1266 (10th Cir. 2005) (holding that an employee's statement to another coworker that she was homosexual did not concern a matter within the scope of the employee's employment). Thus, Ms. Bravo's statement about the alleged affair remains inadmissible.

In the alternative, the Court agrees with Defendant that Ms. Chavez-Acosta's testimony is irrelevant to the resolution of Defendant's motion for partial summary judgment. The motion involves two discrete issues: (1) whether Defendant knew or should have known about Mr.

Borjas's alleged harassment of Plaintiff but failed to intervene and (2) whether Mr. Borjas acted as Plaintiff's supervisor. *See generally* DEFENDANT SOUTHWEST CHEESE COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND BRIEF IN SUPPORT (Doc. No. 122). Evidence that Mr. Borjas had an affair with Ms. Bravo is not relevant to either issue. It has absolutely no bearing on Mr. Borjas's supervisory status. Moreover, in the absence of any evidence that Defendant knew or should have known about the affair, it is not relevant to whether Defendant acted negligently in failing to prevent Mr. Borjas's alleged harassment of Plaintiff. For all of these reasons, the Court will strike from Ms. Chavez-Acosta's affidavit her statements regarding the alleged affair between Mr. Borjas and Ms. Bravo. The remainder of Ms. Chavez-Acosta's December 6, 2015 affidavit does not contain any pertinent material and may likewise be disregarded.

      b. *Marilyn Hartwell*

At the December 29, 2015 pretrial conference, the Court denied Plaintiff's opposed MOTION TO FILE AMENDED WITNESS LIST AND EXHIBIT LIST (Doc. No. 131) to allow for the addition of Ms. Hartwell as a witness. In light of this ruling, the Court will strike Ms. Hartwell's affidavit. *See* FED. R. CIV. P. 56(c)(4) (to be considered by the court, a summary judgment affidavit must contain facts that are admissible into evidence).

      c. *Rebecca Martinez*

Broadly speaking, Ms. Martinez's December 6, 2015 affidavit covers two topics: (1) Plaintiff's work performance and (2) the powers and authority of Southwest Cheese Team Leaders. Second Affidavit of Rebecca Martinez, Exhibit 4 to PLAINTIFF YVONNE MACIAS'S RESPONSE TO "DEFENDANT SOUTHWEST CHEESE COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND BRIEF IN SUPPORT" (Doc. No.

130-4) ("Martinez Affidavit"). Defendant asks the Court to strike the affidavit in its entirety as an attempt to sandbag Defendant with new evidence "intended to thwart summary judgment." Motion to Strike at 8. As Defendant emphasizes, Plaintiff had a previous opportunity to introduce evidence on both topics. In 2013, when Defendant first moved for summary judgment, Defendant argued that (1) it was not negligent in preventing Mr. Borjas's alleged harassment and (2) Mr. Borjas was not Plaintiff's supervisor. DEFENDANT SOUTHWEST CHEESE COMPANY'S MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT (Doc. No. 45 at 26-27). In response to these arguments, Plaintiff submitted, among other evidence, an affidavit from Ms. Martinez, dated October 6, 2013. *See* Affidavit of Rebecca Martinez, Exhibit 3 to PLAINTIFF YVONNE MACIAS' RESPONSE TO "DEFENDANT SOUTHWEST CHEESE COMPANY'S MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT (Doc. No. 47-3). This affidavit covers the same two topics addressed in Ms. Martinez's second affidavit, only in less detail.

Nevertheless, the Court does not find that the equities weigh in favor of excluding Ms. Martinez's second affidavit as untimely. Defendant has not argued that consideration of the updated affidavit would result in unfair prejudice. As far as the Court is aware, Plaintiff timely disclosed Ms. Martinez as a witness. Moreover, Ms. Martinez's second affidavit pertains to the same topics that she testified to in her first affidavit. Through the appellate process, Defendant has refined its arguments in favor of summary judgment. Given this refinement, the Court does not believe it would be just to prevent Plaintiff from having a previously disclosed fact-witness submit an updated affidavit clarifying this witness's prior testimony. The Court is not aware of any authority that would limit a Plaintiff's right to present otherwise admissible evidence in such a scenario.

Defendant briefly insinuates that the Court should not consider Ms. Martinez's affidavit because it would be inappropriate to credit any evidence that Mr. Borjas exercised supervisory authority over Plaintiff. Motion to Strike at 11 (arguing that "the conclusion [Ms. Martinez's] testimony seeks to elicit – that Team Leaders like Borjas are supervisors for Title VII purposes – would contradict the Tenth Circuit's holding in Chavez-Acosta's related case that those with the same alleged authority as Borjas **are not** supervisors under Title VII."). Because Defendant does not cite to any authority to support the position that a Court of Appeals holding in a different case, with a different plaintiff, regarding the supervisory status of a different Southwest Cheese employee governs the presentation of evidence in this case, the Court will not address this one-sentence contention. *See Utahns for Better Transp. v. U.S. Dep't of Transp.*, 305 F.3d 1152, 1169 (10th Cir. 2002) (one-sentence argument waived because not adequately briefed). Having rejected Defendant's general arguments against the admissibly of Ms. Martinez's entire affidavit, the Court will next consider Defendant's requests that the Court strike specific allegations within the affidavit.

      *i.      Plaintiff's Job Performance*

Ms. Martinez attests that Plaintiff was "an excellent, hard working, honest employee" who was "at all times qualified to perform her work." Martinez Affidavit ¶ 3. The Court agrees with Defendant that this allegation is irrelevant to the resolution of Defendant's motion for partial summary judgment. Plaintiff's job performance, whether good or bad, sheds no light on Mr. Borjas's supervisory status or on whether Defendant was negligent in failing to protect Plaintiff from the alleged harassment by Mr. Borjas. In fact, Plaintiff does not cite to paragraph 3 of Ms. Martinez's affidavit or mention her own job performance in her list of material facts. *See* PLAINTIFF YVONNE MACIAS'S RESPONSE TO "DEFENDANT SOUTHWEST CHEESE

COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND BRIEF IN SUPPORT" (Doc. No. 130 at 4-6). Nor does Plaintiff ever rely on her job performance in arguing that Defendant is not entitled to summary judgment on Plaintiff's remaining Borjas-related claims. The Court will, therefore, disregard this portion of Ms. Martinez's affidavit for the purpose of ruling on Defendant's motion for partial summary judgment.

      *ii.*      *Transfer Authority of Team Leaders*

According to Ms. Martinez, Southwest Cheese Team Leaders possess the "authority to move employees to another area of the plant and perform less desirable jobs." Martinez Affidavit ¶ 7. Defendant maintains that this testimony contradicts Ms. Martinez's prior sworn statements and should be stricken as an attempt to create a sham issue of fact. On July 6, 2011, Ms. Martinez signed an affidavit recounting the following incident:

> I asked Eric Denton, the cheese manager, to follow up on an employee being transferred to A shift. I was team leader of that shift. Marisella Esiqua and myself had requested her transfer from B to A shift for about 4 weeks. My boss, Mickha Rolley had approved the transfer by the second request. Eric Denton said that he was never asked [if] Marisella Esiqua could be transferred. This was the first he had heard of such request. immediately [sic] I questioned Mickha Rolley and he stated that Eric Denton had in fact denied the request. I was the only team leader whose request was denied.

Defendant asserts that this testimony shows that a Team Leader does not have authority to move an employee or assign less desirable jobs, as Ms. Martinez now asserts. The Court, however, is not convinced that there is a contradiction between Ms. Martinez's two affidavits. In her 2011 affidavit, Ms. Martinez relates a series of events involving her request for an employee **shift** transfer. She does not opine on the general authority of Team Leaders to effectuate such transfers or, more importantly, to move employees around the plant or assign jobs within a shift. As a result, the Court cannot conclude that Ms. Martinez's testimony is an attempt to create a sham issue of fact. The Court will not strike this portion of her affidavit.

### iii. General Authority of Team Leaders

Ms. Martinez concludes her affidavit by explaining that, as a Team Leader, Mr. Borjas "had authority to effect significant changes in Yvonne Macias [sic] employment status such as firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." Martinez Affidavit ¶ 8. Defendant maintains that this statement is an inadmissible "bare legal conclusion." Motion to Strike at 11. Plaintiff counters that Ms. Martinez's testimony is "based on her own perception" and "personal observation of Team Leaders" and is, therefore, admissible. Response at 15. While the Court does not question Ms. Martinez's qualifications to testify about the powers of a Southwest Cheese Team Leader, the Court agrees with Defendant that Ms. Martinez's claim that Mr. Borjas "had authority to effect significant changes in Yvonne Macias [sic] employment status" is a conclusory statement that cannot create a genuine issue of material fact. *See Hook v. Regents of the Univ. of Cal.*, 394 F. App'x 522, 533 (10th Cir. 2010) (disregarding plaintiff's allegations that he was "retaliated against" as conclusory statements insufficient to raise a genuine issue of material fact). Ms. Martinez simply reiterates a legal term of art without specifying the exact powers of Southwest Cheese Team Leaders. This lack of specificity is critical. The Court will strike paragraph 8 of Ms. Martinez's affidavit as conclusory.

IT IS THEREFORE ORDERED that DEFENDANT'S MOTION TO STRIKE SUMMARY JUDGMENT EVIDENCE (Doc. No. 135) is granted in part and denied in part as described above.

_____
SENIOR UNITED STATES DISTRICT JUDGE

9