IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

YVONNE MACIAS,

    Plaintiff,

v.     No. CIV 12-350 JAP/WPL

SOUTHWEST CHEESE COMPANY, LLC,

    Defendant.

## MEMORANDUM OPINION AND ORDER

On December 11, 2015, Plaintiff Yvonne Macias filed a motion to reconsider asking the Court to retract its decision dismissing Plaintiff's breach of contract claim and Plaintiff's claim that Defendant Southwest Cheese Company, LLC negligently supervised and retained Jose Borjas, a Southwest Cheese shift supervisor and one of Plaintiff's alleged harassers. *See* PLAINTIFF'S MOTION FOR PARTIAL RE-CONSIDERATION OF "MEMORANDUM OPINION AND ORDER" ENTERED 11-23-2015 [DOC. 119] REGARDING IMPLIED IN FACT CONTRACT AND RELATED TO NEGLIGENT RETENTION OF MR. BORJAS (Doc. No. 134) ("Motion to Reconsider"). Defendant opposes the Motion to Reconsider. *See* DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO RECONSIDER (Doc. No. 149) ("Response"). Because Plaintiff has not provided a convincing reason for the Court to revisit its prior decision, the Court will deny Plaintiff's Motion to Reconsider.[1]

## Background

### I. Dismissal of Plaintiff's Breach of Contract Claim

In its MOTION FOR SUMMARY JUDGMENT (Doc. No. 45), Defendant Southwest Cheese argued that it was entitled to summary judgment on Plaintiff's breach of contract claim

---

[1] In reaching this conclusion, the Court also considered PLAINTIFF YVONNE MACIAS'S REPLY TO "DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO RECONSIDER" (Doc. No. 150) ("Reply").

1

because Plaintiff "failed to put forth any evidence that would support a finding that her employment was subject to an implied contract not to terminate her except for 'good cause.'" *Id.* at 29. Plaintiff countered that Southwest Cheese management employees made oral promises that she would only be fired for good cause and that Southwest Cheese's progressive discipline policy led her to reasonably believe she would only be fired for just cause. PLAINTIFF YVONNE MACIAS' RESPONSE TO "DEFENDANT SOUTHWEST CHEESE COMPANY'S MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT (Doc. No. 47 at 39-40); PLAINTIFF YVONNE MACIAS'S RESPONSE TO "DEFENDANT SOUTHWEST CHEESE COMPANY L.L.C'S SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DE-45]" AND MEMORANDUM IN OPPOSITION (Doc. No. 105 at 10-12) ("Plaintiff's Supplemental Brief"). Plaintiff admitted that her employment offer and the employment manual stated that she was an at-will employee. But, Plaintiff maintained that, under New Mexico law, Defendant's oral representations and progressive discipline practices created a genuine issue of fact about the creation of an implied employment contract. Plaintiff's Supplemental Brief at 10-12.

After considering the evidence submitted by both parties and studying the case law, the Court concluded that Defendant was entitled to summary judgment given the unequivocal disclaimers in its employment offer and employment manual. MEMORANDUM OPINION AND ORDER (Doc. No. 119 at 4-8). The Court recognized that this was not a cut and dried issue, but was ultimately persuaded that the decision in *Chavez-Acosta v. Southwest Cheese Co., LLC*, 610 F. App'x 722, 733 (10th Cir. 2015) (unpublished), a related-case, counseled strongly in favor of granting summary judgment in Defendant's favor. In *Chavez-Acosta*, the Tenth Circuit Court of Appeals affirmed the dismissal of a plaintiff's breach of contract claim against

Defendant Southwest Cheese Company, LLC under almost identical facts. Relying heavily on this case, the Court entered summary judgment in Defendant's favor on Plaintiff's breach of contract claim.

## II.    Dismissal of Plaintiff's Negligent Supervision Claim

At the same time the Court dismissed Plaintiff's breach of contract claim, the Court granted summary judgment in Defendant's favor on Plaintiff's claim that Defendant negligently supervised and retained Jose Borjas, a shift supervisor who allegedly harassed Plaintiff. MEMORANDUM OPINION AND ORDER (Doc. No. 119 at 14-15). Unlike the Court's resolution of Plaintiff's breach of contract claim, the dismissal of Plaintiff's negligent supervision claim was not debatable. On appeal, viewing the same evidence that was before this Court, the Tenth Circuit Court of Appeals found that Plaintiff "never complained to management" about Mr. Borjas's alleged mistreatment except to ask to be moved to a different shift because she was "tired of him." *Macias v. Southwest Cheese Co., LLC*, Nos. 14-2109 & 14-2154, 2015 U.S. App. LEXIS 14832, at *4, 9-10 (10th Cir. Aug. 24, 2015) (unpublished). Because no reasonable jury could conclude that Plaintiff's personal dislike of Mr. Borjas put Defendant on notice of Mr. Borjas's misconduct and because Plaintiff had not presented any other evidence that would show Defendant knew or should have known about Mr. Borjas's alleged unfitness, the Court dismissed Plaintiff's claim that Defendant negligently supervised and retained Mr. Borjas.

## Discussion

### I.    Standard of Review

Plaintiff styles her Motion to Reconsider as both a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e) and a motion seeking relief from a judgment under Fed. R. Civ. P.

60(b). Neither rule is applicable here because the decision Plaintiff is asking the Court to reconsider was not a final order or judgment. *Raytheon Constructors v. Asarco Inc.*, 368 F.3d 1214, 1217 (10th Cir. 2003) (" Rule 60(b) . . . only applies to final orders or judgments."); *Guttman v. New Mexico*, 325 F. App'x 687, 690 (10th Cir. 2009) ("Rule 59(e) does not apply because the court's order was not a final judgment . . ."). Properly speaking, Plaintiff's motion to reconsider is a motion to revise an interim order under Fed. R. Civ. P. 54(b). Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

  As a general matter, the standards for reviewing a Rule 54(b) motion for reconsideration are the same as the standards for reviewing a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e). *Ankeney v. Zavaras*, 524 F. App'x 454, 458 (10th Cir. 2013) (unpublished*); see also Pia v. Supernova Media, Inc.*, No 2:09-cv-00840, 2014 U.S. Dist. LEXIS 175028 (D. Utah Dec. 18, 2014) (unpublished). Under either rule, a court may grant a motion for reconsideration in three circumstances: when there is "an intervening change in the controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." *Brumark Corp. v. Samson Res.Corp.*, 57 F.3d 941, 948 (10th Cir. 1995). A motion to reconsider is not an opportunity "to revisit issues already addressed or advance arguments that could have been raised earlier." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014). In other words, a motion to reconsider should do more than simply restate the position that was unsuccessfully advanced by the party in the initial motion, and should not advance new arguments that could have been raised in the initial motion.

## II.     Breach of Contract Claim

Plaintiff contends that the Court must reconsider its dismissal of the breach of contract claim (1) to correct a manifest error and (2) to account for the availability of new evidence. First, as she did in the summary judgment briefing, Plaintiff maintains that written disclaimers, no matter how strongly worded and prevalent, cannot entitle an employer to summary judgment on an implied breach of contract claim if the plaintiff attests that oral representations were made that the plaintiff would not be fired except for good cause. To support this position, Plaintiff cites *Beggs v. City of Portales*, 2009-NMSC-023, 146 N.M. 372; *Hartbarger v. Frank Paxton Co.*, 1993-NMSC-029, 115 N.M. 665; *Kestenbaum v. Pennzoil Co.*, 1988-NMSC-092, 108 N.M. 20; *West v. Wash. Tru Solutions, LLC*, 2010-NMCA-001, 147 N.M. 424; *Mealand v. E. N.M. Med. Ctr.*, 2001-NMCA-089131, 131 N.M. 65; *Kiedrowski v. Citizens Bank*, 1995-NMCA-011, 119 N.M. 572; and *Hartnett v. Papa John's Pizza USA, Inc.*, 912 F. Supp. 2d 1066 (D.N.M. 2012). The Court, however, already weighed and considered this line of case law before dismissing Plaintiff's breach of contract claim. *See* MEMORANDUM OPINION AND ORDER (Doc. No. 119) (discussing *Beggs*, *Hartbarger*, *West*, and *Mealand*, the most recent, on-point New Mexico Supreme Court and Court of Appeals cases). Having completed this analysis, the Court rejected the argument about written disclaimers that Plaintiff now advances in support of her breach of contract claim. The Court will not revisit this issue at length.

Plaintiff has not identified any case law establishing that the Court erred in dismissing Plaintiff's breach of contract claim. Plaintiff merely reasserts and refines the same arguments she made previously. This is not a proper basis for filing a motion to reconsider. *See Losee v. Morrell*, 613 F. App'x 750, 751 (10th Cir. 2015) (a motion to reconsider "cannot be used to

reargue points already briefed and decided"). Consequently, the Court rejects Plaintiff's first argument in favor of reconsideration of the dismissal of her breach of contract claim. For the reasons stated in its prior MEMORANDUM OPINION AND ORDER (Doc. No. 119), the evidence Plaintiff previously submitted does not create a genuine issue of material fact regarding the existence of an implied employment contract.

The Court also reaffirms its earlier determination that the evidence presented in this case is nearly identical to the evidence that the Court of Appeals found was insufficient to support a breach of an implied contract claim in *Chavez-Acosta*. In her Motion to Reconsider, Plaintiff attacks this determination by (1) pointing out that the plaintiff in *Chavez-Acosta* resigned and (2) emphasizing the evidence presented in this case regarding Defendant's practice of using progressive discipline and the corresponding oral promises allegedly made to Plaintiff. In its Response, Defendant cogently explained why these are not distinguishing factors. First, in *Chavez-Acosta*, the Court of Appeals affirmed the dismissal of plaintiff's breach of contract claim under two alternative theories: (1) the plaintiff had resigned and was not constructively discharged and (2) the plaintiff was an at-will employee. *Chavez-Acosta*, 610 F. App'x at 732-33. It is the second holding that the Court cited as persuasive authority; the first holding had no bearing on the Court's analysis.

Second, contrary to Plaintiff's representations, the evidence in *Chavez-Acosta* regarding the plaintiff's at-will status mirrors the evidence Plaintiff has presented to this Court. Both cases involve identically worded written disclaimers in the same employment manual and form offer letter. *Compare* Plaintiff's Offer Letter and SWC Employee Handbook Excerpts (Doc. No. 45-1 at 14-15, 20, and 23) *with* Chavez-Acosta's Offer Letter and SWC Employee Handbook Excerpts, *Chavez-Acosta v. Southwest Cheese Company, LLC*, No. 12-cv-353 (D.N.M. Doc. No.

35-1 at 12-13, 17, 20). Additionally, in *Chavez-Acosta*, like in this case, the plaintiff alleged that Brenda Miller, the Southwest Cheese Human Resources director, told her she would only be fired for good cause. *Compare* Plaintiff's Affidavit (Doc. No. 47-1 ¶ 4) with Chavez-Acosta's Affidavit, *Chavez-Acosta v. Southwest Cheese Company, LLC*, No. 12-cv-353 (D.N.M. Doc. No. 36-1 ¶ 4). Finally, in both cases, Plaintiff's counsel presented evidence that Defendant had a practice of using progressive discipline. *Compare* Untitled Deposition of Brenda Miller (Doc. No. 47-11 at 57:2-18) with Deposition of Brenda Miller, *Chavez-Acosta v. Southwest Cheese Company, LLC*, No. 12-cv-353 (D.N.M. Doc. No. 36-6 at 57:2-18). In the Reply, Plaintiff does not rebut this comparison, but instead argues that the Tenth Circuit Court of Appeals erred in *Chavez-Acosta* when it held that the plaintiff did not have a reasonable expectation that she was anything other than an at-will employee. Reply at 7. The Court will not entertain this argument, which Plaintiff could have, but failed to raise on summary judgment.

For similar reasons, the Court will not invest significant time addressing Plaintiff's argument that new evidence supports her motion for reconsideration of the dismissal of the breach of contract claim. The new evidence Plaintiff identifies is an excerpt from a deposition of Christine Parmer, a Southwest Cheese Human Resources employee. *See* Affidavit of Christine Parmer (Doc. No. 134-1). Plaintiff's counsel took Ms. Parmer's deposition on November 5, 2015, more than two weeks before the Court dismissed Plaintiff's breach of contract claim. *Id.* If Plaintiff felt Ms. Parmer's deposition contained new, non-duplicative, material evidence in support of her breach of contract claim, the appropriate time to alert the Court was shortly after the deposition, not more than a month later after the Court issued a ruling in Defendant's favor. Moreover, even if the Court were inclined to excuse Plaintiff's tardy disclosure of the evidence, the Court is not persuaded that this evidence necessitates reconsideration of the dismissal of

7

Plaintiff's breach of contract claim. Ms. Parmer testified about Defendant's progressive discipline practices in a manner that was entirely consistent with the evidence previously presented to the Court. *Compare* Affidavit of Christine Parmer (Doc. No. 134-1at 12:14-23) *with* Untitled Deposition of Brenda Miller (Doc. No. 47-11 at 57:2-18). The only new piece of information contained in Ms. Parmer's deposition is her description of the five-day training orientations she conducted during which she imparted information to new hires about Defendant's progressive discipline practices. The Court is not convinced that the existence of training orientations changes the prior analysis, especially because Plaintiff has not produced any evidence that she knew about or attended such an orientation.[2] Because Ms. Parmer's deposition is largely duplicative of other evidence in the record and is also untimely, the Court will not treat it as a basis to reopen its prior decision.

### III.    Negligent Supervision Claim

Plaintiff does not argue that the Court erred in analyzing the evidence and dismissing her claim that Defendant negligently supervised and retained Jose Borjas. Plaintiff nevertheless asserts that the Court should reverse this decision in light of previously unavailable evidence regarding Defendant's knowledge of Mr. Borjas's harassment of other female employees. Plaintiff presents this new evidence to the Court in the form of an affidavit from a previously undisclosed witness named Marilyn Harwell. Because the Court has determined that Plaintiff lacks good cause for the untimely disclosure of this witness and has consequently struck Ms.

---

[2] In the Reply, Plaintiff states that she attended an orientation where she was told that Defendant "followed progressive discipline." Reply at 5. Plaintiff, however, has not cited any evidence that would support this assertion. She insinuates that she must have attended an orientation because she was employed between 2009 and 2011 when Ms. Parmer was employed as the "new hire" orientation director. Reply at 7. This is mere speculation, which stands in tension with Plaintiff's claim that Ms. Parmer's testimony constitutes newly available evidence. In her Motion to Reconsider, Plaintiff claims evidence about Defendant's formal training program was not previously available to her. Motion to Reconsider at 8. Surely if Plaintiff had attended such an orientation, she would have been able to attest to its existence earlier in the course of this lawsuit.

Hartwell's affidavit, Plaintiff lacks any support for her only argument in favor of reconsideration of the dismissal of her negligent supervision claim. The Court will reaffirm its previous ruling.

IT IS THEREFORE ORDERED that PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION OF "MEMORANDUM OPINION AND ORDER" ENTERED 11-23-2015 [DOC. 119] REGARDING IMPLIED IN FACT CONTRACT AND RELATED TO NEGLIGENT RETENTION OF MR. BORJAS (Doc. No. 134) is DENIED.

_____
SENIOR UNITED STATES DISTRICT JUDGE