IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

YVONNE MACIAS,

    Plaintiff,

v.                                                                       No. CIV 12-350 JAP/WPL

SOUTHWEST CHEESE COMPANY, LLC,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

In preparation for trial, Defendant Southwest Cheese Company, LLC filed numerous limine requests and objections to Plaintiff Yvonne Macias's anticipated evidence. *See* DEFENDANT'S MOTION IN LIMINE (Doc. No. 94); DEFENDANT'S SECOND MOTION IN LIMINE (Doc. No. 104); DEFENDANT'S FIRST OBJECTIONS TO PLAINTIFF'S EXHIBIT LIST (Doc. No. 102); and DEFENDANT'S OBJECTIONS TO PLAINTIFF'S WITNESS LIST (Doc. No. 103). Plaintiff also filed a motion in limine, which overlaps with some of Defendant's requests. *See* PLAINTIFF'S MOTION IN LIMINE (Doc. No. 93). At the December 29, 2015 pretrial conference, the Court heard oral argument on these motions and, when the parties were unable to reach an agreement, issued rulings on each limine request. The Court thereby granted in part and denied in part the motions listed above. For ease of reference, the results of the parties' agreements and the Court's rulings are summarized below.

1. The parties have agreed not to introduce:

    a. Character testimony;

    b. Evidence that the Court granted summary judgment on some of Plaintiff's claims as well as the claims of some witnesses;

    c. Plaintiff's Charge of Discrimination;

    d. Information about settlement offers and negotiations; and

    e. Evidence of Plaintiff's financial difficulties, Plaintiff's lack of resources to prosecute her case, and other lawsuits involving Defendant or Defense witnesses.

2. The Court excluded the following categories of evidence:

    a. Evidence about Jose Boras;

    b. Evidence about Plaintiff's job performance and disciplinary infractions she received;

    c. Evidence that Mr. Stewart (1) sent suggestive text messages to Martha Mejia, (2) filed a false police report against Ms. Mejia's husband, and (3) cheated on his wife in May of 2011;[1]

    d. Ms. Martinez's anticipated testimony regarding Mr. Stewart's acts of exposure being "well-known" around the plant. Plaintiff may only introduce this testimony if a foundation is laid in accordance with the Court's instructions;

    e. Evidence about misconduct or harassment perpetrated by Donnie Romero and Chance Senkevich;

    f. Evidence pertaining to lost wages, front pay, or back pay;

    g. Evidence about the quantity of cheese Defendant produces and the volume of Defendant's sales;

---

[1] The Court excluded this evidence as irrelevant. All three instances of misconduct occurred after Plaintiff left Southwest Cheese.

  h. Evidence intended to show that male employees were disciplined less harshly than female employees;

  i. Evidence about Defendant's video surveillance program; and

  j. The following portions of Mr. Stewart's Employment File: Exhibit 39A, 39C-39K, 39N-39O.

3. The Court will allow the parties to introduce evidence on the following topics:

  a. Plaintiff's temporary employment status as of June of 2009;

  b. Mr. Stewart's supervisory status;

  c. Ms. Chavez-Acosta's claim that (1) Mr. Stewart exposed himself to her in 2010 and that (2) she told Plaintiff about the incident;

  d. Ms. Holguin's proposed testimony regarding Mr. Stewart's June 2009 exposure;

  e. Plaintiff's layperson testimony about her emotional distress;

  f. Plaintiff's claim that she observed Bryant Fernandez throw her sexual harassment report in the trash;

  g. Plaintiff's prior consistent statements to Ms. Chavez-Acosta regarding Mr. Stewart's June 2009 exposure;

  h. Sarah Stewart's observations of the November 2008 party where Mr. Stewart allegedly shared a picture of his genitals; and

  i. Testimony, based on personal knowledge, regarding Defendant's involvement in arranging the November 2008 party.

4. The Court provisionally ruled that Plaintiff could, with an appropriate foundation, introduce evidence about a 2012 reprimand Mr. Stewart allegedly received for sending a picture of his genitals to a coworker.

5. The Court reserved ruling on the admissibility of:

    a. Mr. Martinez's proposed testimony about sexually suggestive or explicit emails; and

    b. Ms. English's claim that Mr. Stewart offered to expose himself to her.

6. Plaintiff will not call the following witnesses:

    a. Jose Borjas;

    b. Bryant Fernandez;

    c. Tina Thatcher;

    d. Earnest Loveless;

    e. Chuck Herrington;

    f. George Chappell; and

    g. Paul Conrow.

7. Defendant agreed that it would enter a stipulation about its net worth for a specified period, if the Court rules that Plaintiff may present her claim for punitive damages to the jury.

In accordance with this summary and the Court's more detailed oral rulings, IT IS ORDERED THAT:

1. PLAINTIFF'S MOTION IN LIMINE (Doc. No. 93) is granted in part and denied in part.

2. DEFENDANT'S MOTION IN LIMINE (Doc. No. 94) is granted in part and denied in part.

3. DEFENDANT'S SECOND MOTION IN LIMINE (Doc. No. 104) is granted in part and denied in part.

4. DEFENDANT'S FIRST OBJECTIONS TO PLAINTIFF'S EXHIBIT LIST (Doc. No. 102) is granted in part and denied in part.

5. DEFENDANT'S OBJECTIONS TO PLAINTIFF'S WITNESS LIST (Doc. No. 103) is granted in part and denied in part.

_____
SENIOR UNITED STATES DISTRICT JUDGE